BURNS AND CARY plaintiffs in error *vs.* THE PEOPLE defendants in error.

A trial and conviction, before a court of Special Sessions, for an assault and battery, are no bar to a subsequent indictment for manslaughter, where the person assaulted dies subsequently, of the wounds caused by the blows, for inflicting which the complaint for assault and battery was made.

A former trial is no bar, unless the first indictment was such as the accused might have been convicted upon, by proof of the facts set forth in the second indictment. To constitute a bar the offence charged in both indictments must be identically the same in law as well as in fact.

*Held,* that upon the trial of an indictment for murder where death has ensued, the accused can not be convicted of a simple assault and battery; though he may be of manslaughter.

Error to the recorder's court of the city of Buffalo.

The plaintiffs in error and one Michael Tracy were indicted

Burns and Cary *v.* The People.

at the recorder's court in March, 1847, for manslaughter, in killing one Clark Cromb, by blows inflicted on him the 19th day of February, 1847, of which injuries he died on the 9th day of March, 1847.

Burns and Cary, on being arraigned, pleaded separately, in bar, that they were, on the 20th day of February, 1847, arrested by virtue of a warrant issued by a justice of the peace, on the complaint of Clark Cromb, for an assault and battery committed upon him on the 19th day of February, and were brought before the said justice; that they then pleaded not guilty and elected to be tried by and before the justice, who proceeded to the trial of the issue, and that such proceedings were had before the justice that he adjudged and determined them guilty of the offence charged, and then and there ordered and adjudged each of them to pay a fine of five dollars, &c. There were averments of the jurisdiction of the justice, the identity of the offence, and that the judgment of the justice still remains in full force, &c. To the plea of each defendant, the counsel for the people demurred, and assigned for causes of demurrer:

1. That it does not appear from the plea, that the offence for which they were tried before the justice, was the same offence charged in the indictment;

2. That it does not appear from the plea that the court of special sessions had jurisdiction to try the offence charged in the indictment. Joinder in demurrer.

The recorder's court gave judgment for the people, and the defendants sued out a writ of error.

*Eli Cook*, for plaintiffs in error.

*B. Austin* (district attorney), for the people.

*By the Court*, MARVIN, J.—It is insisted by the plaintiffs in error, that they bring themselves within the provision of the constitution, that " no person shall be subject to be twice put in jeopardy for the same offence." This provision is a fundamental maxim in criminal jurisprudence. It is derived from

the ancient and well established principles of the common law, and was ratified by *magna charta*. When this principle is appealed to, as a bar to further proceedings, in a criminal prosecution, the inquiry always arises, has the party in fact been put in jeopardy for the same offence? To sustain the plea of a former acquittal, it must appear that the party was " put in jeopardy" by the former trial; thus, if the indictment upon which he had been tried, was so defective that no judgment could have been given upon it, it would not, at common law, constitute a bar. (1 *J. R.* 66; 1 *Russ. on Cr.* 836.)

But now by our R. S. (*v.* 2, *p.* 702, 325) if the party be tried and acquitted *upon the merits*, it will be a bar. So it will not be a bar if the court had no jurisdiction to try the offence. ( 1 *Russ. on Cr.* 836.) Or if the jury has been discharged without rendering a verdict. (*People* v. *Goodwin*, 18 *J. R.* 187; 9 *Mass. R.* 494; *U. S.* v. *Perez.* 9 *Wheat. R.* 579.) Or if there has been a failure of the trial for any other cause. ( 12 *Pick. R.* 496.)

The former acquittal or conviction must have been " for the same identical act and crime." (4 *Black. Com.* 336; 1 *Russ. on Cr.* 836, 829.)

The plea of a former acquittal will not be good, unless the *facts* charged in the second indictment would, if they had been established on the trial of the first indictment, have sustained it. The rule is thus stated by Justice Buller, in *Rex* v. *Vandercomb*, cited in 1 *Russ. on Cr.* 831, " Unless the first indictment was such as the prisoner might have been convicted upon, by proof of *the facts contained in the second indictment*, an acquittal on the first indictment can be no bar to the second." (See also *Arch. Cr. Pl.* 87, *&c.*; *King* v. *Taylor*, 3 *Barn. & Cress.* 502.) Mr. Chitty (1 *Chit. Cr. Law*, 452) states the rule thus, " To entitle the defendant to this plea, it is necessary that the crime charged be precisely the same;" " if the crimes charged in the former and present prosecution are so distinct, that evidence of the one will not support the other, it is inconsistent with reason, as it is repugnant to the rules of law, to say that the offences are so far the same, that the acquittal of the

Burns and Cary *v.* The People.

one will be a bar to the prosecution for the other." (See *Commonwealth* v. *Raby*, 12 *Pick.* 496.)

In the case last cited, Chief Justice Shaw says, " In considering the identity of the offences, it must appear by the plea that the offence charged in both cases was the same *in law and in fact.* The plea will be vicious if the offences charged in the two indictments be perfectly distinct in *point of law*, however nearly they may be connected in fact." This case is in point. Raby was convicted in July, 1831, upon an indictment for a felonious assault upon Maria Leonard on the 2d day of May, with intent to kill and murder her. After this conviction Leonard died, and in November Raby was indicted for murder. He pleaded in bar the former trial and conviction. The plea was overruled, and it was held that the conviction for the assault with intent to murder, could not be plead in bar of an indictment for murder, on the ground that the offences are distinct in their legal character. The court say, "The indictment for murder necessarily charges the fact of killing as the essential and most material fact, which gives its legal character to the offence."

If the party assaulted, after a felonious attempt, dies within a year and a day, the same act which, till its death, was an assault and misdemeanor only, though aggravated, is by that event shown to have been a mortal wound. The event, strictly speaking, does not change the character of the act, but it relates back to the time of the assault and the same act, which might be a felonious assault only, had the party not died, is in truth shown by that event to have been a mortal wound, and the crime, which would otherwise have been an aggravated misdemeanor, is thus shown to be a capital felony.

The facts are essentially different and the legal character of the crime essentially different. In the case under consideration, the indictment *contains facts* which did not exist at the time the prisoners were on trial before the justice for a simple assault and battery, facts which entirely change the character of the crime. Cromb was then living, he is now dead, and, as the indictment stated, the defendants did feloniously and will-

fully kill and slay him. The *acts* of the defendants are the same, but the event has shown that those acts were felonious. The event relates back to the acts and gives them a new character, and if this indictment be a true bill, the prisoners were never guilty of an assault and battery, as the misdemeanor is merged in the higher offence of felony. (1 *Russ. on Cr.* 50, *v.* 2, 550; *Bouvier's Law Dict. title Merger Cr. L.*)

It was argued by the counsel for the plaintiffs in error, that if the jury should acquit them of the offence charged in the indictment, they may still be convicted of the assault and battery, and thus be a second time punished for the same offence. He referred us to 2 *R. S.* 702, § 27, which provides that upon an indictment for an *offence*, consisting of *different charges*, the jury may find the accused not guilty of the offence in the degree charged in the indictment, and may find such accused person guilty of *any degree of such offence*, inferior to that charged in the indictment, or of an attempt to commit such offence. The indictment charges a homicide; a felonious and willful killing and slaying. An assault and battery can not be " any degree of such offence." The killing of a human being without authority of law is either murder, manslaughter, or excusable or justifiable homicide, according to the facts or circumstances in each case. (2 *R. S.* 656, § 4.) In murder there are no different degrees, but in manslaughter there are four degrees as declared and defined by the statute. Homicide embraces all mankilling, and murder is the highest degree. Manslaughter is another degree or class of homicide, and is a degree lower than murder. Both are felonies, and upon an indictment for murder, the accused may be convicted of any degree of manslaughter, but he can not be convicted of a simple assault and battery, for when death has ensued from the beating, the homicide is murder, manslaughter, or excusable or justifiable. If the killing was excusable or justifiable, then the accused can not be convicted of any offence. If the killing was not excusable or justifiable, then the offence would be murder or manslaughter, a felony, in which crime the assault and battery would be merged; and in such a case, if the accused were

indicted for a simple assault and battery, it would be the duty of the jury to acquit him, and he might be indicted, tried and convicted of the murder or manslaughter, as the case might be. The judgment of the recorder's court should be affirmed.

Judgment affirmed