# Transcript Appeals.

## MARCH TERM,

## 1867.

JOHN A. CANTER, Plaintiff in Error, *v.* THE PEOPLE, etc., Defendants in Error.

*Acquittal upon Defective Indictment—when no Bar to further Prosecution.*
1 *R. S.*, 586.

An acquittal upon an indictment which is so defective that no judgment could be given upon it, is no bar to a further prosecution for the same offence. A trial upon such an indictment does not legally put the prisoner in jeopardy within the meaning of the constitution of the United States.

*S. H. Stuart* for Plaintiff in error.
*A. Oakey Hall* for Defendants in error.

Davies, Ch.J.—The Plaintiff in error was indicted in the New York General Sessions in June, 1865, for that, wilfully and feloniously on the 1st of February in that year, he had in his possession a certain forged and counterfeit note commonly called a bank-note, issued by the Mechanics' Bank of New Haven, in the State of Connecticut, of the denomination of ten dollars, with intent then and feloniously to utter and pass the same. Upon the arraignment of the prisoner, he interposed an *autrefois acquit*, which set forth an indictment found against him in the same words as the present indictment, for having in his possession a like false and counterfeit bank-note, of the denomination of ten dollars, issued by the Northfield Bank, of the State of Vermont, with like intent to pass the same; that upon said last-mentioned indictment the prisoner was arraigned and plead not guilty, and was put upon his trial, and that the jury then and there empanelled rendered

their verdict that the said prisoner was not guilty, on the ground of a variance between the indictment and the proof. The plea then averred that the offence of forgery in the present indictment, and the said offence in the former indictment, are not diverse or different offences, and the plea then proceeds to show wherein the offence charged in the former indictment was the same offence as that set forth in the present indictment, wherefore, as the prisoner had already been heretofore acquitted of the offence of forgery aforesaid, he prayed judgment that he be dismissed and discharged from the present indictment. The district-attorney then and there demurred to said plea, and the prisoner joined in the demurrer; and after hearing counsel thereon, the said plea was overruled by the Court, and judgment was given thereon for the people, and thereupon the prisoner was arraigned upon said indictment, and pleaded not guilty, and demanded a trial.

He was subsequently convicted of forgery in the second degree, and sentenced to be imprisoned in the State prison at hard labor for the term of ten years.

The judgment of the General Sessions was affirmed in the Supreme Court, and the prisoner now brings his writ of error to this Court.

Assuming, as we may for the purpose of deciding this case, that the offence set forth in the first indictment, and upon which the prisoner was tried and acquitted, was the same offence as that charged in the second indictment, and upon which he has been tried and convicted, it by no means follows, as contended for by the counsel for the prisoner, that such verdict of acquittal forms a bar to the trial upon this indictment.

It is claimed by the Plaintiff in error that his arraignment and trial upon this second indictment is an infraction of the 5th Article of the Amendment to the Constitution of the United States, which declares that "no person shall be subject for the same offence to be twice put in jeopardy of life or limb." This provision is a fundamental maxim in criminal jurisprudence. It is derived from the ancient and well-established principles of the common law, was ratified by *magna charta*, and is now firmly

established by our national constitution. When this principle is invoked as a bar to further proceedings in a criminal prosecution, the inquiry always arises, has the party in fact been already put in jeopardy for the same offence? To sustain the plea of a former acquittal, it must appear that the party was " put in jeopardy " by the former trial; thus, if the indictment upon which he had already been tried was so defective that no judgment could have been given upon it, it would not at common law constitute a bar (People *v.* Barrett, 1 Johns. R. 66; 1 Russell on Cr. 836; Burns *v.* The People, 1 Parker Cr. Reps. 182).

Our Revised Statutes, however, provide that, "When a Defendant shall have been acquitted of a criminal charge, upon trial, on the ground of a variance between the indictment and the proof, or upon any exception to the form or substance of the indictment, he may be tried and convicted upon a subsequent indictment for the same offence." (2d ed. Rev. S., vol. i., p. 586, § 24.) "But where a Defendant shall have been acquitted upon trial, on the merits and facts, and not upon any ground stated in the last section, he may plead such acquittal in bar of any subsequent accusation for the same offence, notwithstanding any defect in form or in substance in the indictment upon which such acquittal was had." (Id. § 25.) But such former acquittal will not be a bar, if the Court had no jurisdiction to try the offence (1 Russ. on Cr. 836), or if the jury had been discharged without rendering a verdict (People *v.* Bowden, 9 Mass. R. 494; U. S. *v.* Perez, 9 Wheat. R. 579), or if there has been a failure of the trial for any other cause (12 Pick. R. 496). But the plea in the present case presents the ground of acquittal on the former trial in the very words of section 24 above quoted, viz.: on the ground of a variance between the indictment and the proof. We are, therefore, admonished by this clear and explicit declaration of the statute, that an acquittal upon such ground forms no bar to a trial and conviction upon a subsequent indictment for the same offence. This plain provision of the statute law of the State disposes of the plea in bar interposed by the prisoner, and shows it was properly overruled.

Opinion by DAVIES, Ch.J.

It is claimed by the prisoner that both indictments were in fact for the same offence. But we deem it unnecessary to pass upon this question.

The judgment should be affirmed.

Concurring on the main question: WRIGHT, PORTER, HUNT, SCRUGHAM, and GROVER.

The question of having several forged bills in possession, etc., not passed upon.

Affirmed.

JOEL TIFFANY,
State Reporter.
