OSEPH OSGOOD, Plaintiff in Error, *v.* THE PEOPLE OF THE STATE OF NEW YORK, Defendants in Error.

To charge in an indictment, that the defendant, on the 1st day of June, and on divers other days and times between that day and the day of the finding of the indictment (September 12), sold by retail to divers citizens of this State, and to divers persons to the jurors unknown, strong and spirituous liquors, to wit, three gills of brandy, three gills of rum, three gills of gin, etc., is not to charge several distinct offenses in the same count, in any such sense as to invalidate the count or the indictment.

It is unnecessary to name in the indictment, the particular person to whom the defendant sold the liquor constituting the offense..

Where the offense is charged as above, the refusal of the court to require the prosecutor to elect as to the kind of liquor sold, which he would rely upon as constituting the offense, is no ground of error on review. All questions of that character are addressed to the discretion of the court.

JOSEPH OSGOOD, plaintiff in error, was indicted in the Court of Sessions of Niagara county, for unlawfully selling strong and spirituous liquors and wines, etc., on his premises, situate in the town of Lockport, in said county, without license, on the 26th day of March, 1864. The indictment contained five counts. Two counts charged the sale, omitting the allegation, that the liquor was sold to be drank upon the premises. The second count alleged a sale to one Squires,

on the 26th of March, 1864, and to divers other citizens, to be drank upon the premises. The other counts alleged similar sales to divers citizens on that day. Certain requests and exceptions were taken upon the trial, which are referred to in the opinion of the court.

On the trial, the people proved that the defendant had sold, on several occasions previous to the finding of the indictment, strong and spirituous liquors, to be drank on his premises, without license.

The defendant was convicted by the jury of one offense under the indictment. Thereupon a bill of exceptions was made by the defendant, and a certificate procured and filed in the case, pursuant to the statute, by which judgment was stayed upon the indictment, until the decision of the Supreme Court should be had upon the exceptions.

A writ of *certiorari* was sued out of the Supreme Court by the district attorney of Niagara county, and the conviction was affirmed, and the proceedings remitted to the Court of Sessions, for that court to proceed and render judgment thereon.

The defendant was sentenced to pay a fine of $100, by that court, after which, the defendant sued out a writ of error from the Supreme Court, and the judgment of the Court of Sessions was affirmed.

The writ of error from this court is brought to correct the last mentioned judgment of the Supreme Court.

*Farrell & Brazee*, for the plaintiff in error.

*M. M. Southworth*, for the defendants in error.

HUNT, Ch. J. It is insisted by the district attorney, that the questions arising upon the trial of this indictment are not reviewable in this court, in the present proceeding. He insists, that the exceptions taken have been reviewed and decided by the General Term of the Supreme Court, upon the hearing of the *certiorari;* that they cannot, of right, be again heard at the General Term, on the writ of error, the

former hearing rendering the case as adjudicated. He further insists, that, as they cannot be heard in the Supreme Court, and as the jurisdiction of this court is appellate only, they cannot be reviewed here.

I have looked into the case, and find that the exceptions are none of them well taken; I prefer to place my judgment upon the ground of a want of merit in the appeal.

On the trial, the defendants moved to quash the indictment, for the reason, that each count contains several distinct offenses; also, on the ground of uncertainty and duplicity. That this objection is not good, has been settled in this State for more than thirty years. In *The People* v. *Adams* (17 Wend. 475), the defendant was indicted, for that, on the 1st day of June, 1836, and on divers other days and times between that day and the day of finding the indictment (September 12, 1836), he sold by retail to divers citizens of this State, and to divers persons, to the jurors unknown, strong and spirituous liquors, to wit, three gills of brandy, three gills of rum, three gills of gin, three gills of cordial, three gills of whisky, three gills of wine, to be drank in the store, etc. As in the present case, the defendant objected, that the count contained a charge of more than one offense, and that it was too general, and that the name of the person to whom the sale was made should have been given. After a careful examination by Judge NELSON, the indictment was sustained, and I am not aware that the decision has ever been questioned. It is decisive of the objection under consideration.

The requests, that the district attorney be required to elect as to the kind of liquor sold to Knapp, upon which he would rest his case, and that, on the trial, he be confined to such election, as well as that by which the district attorney should be directed to furnish the names of the witnesses whom he expected to call to sustain the third count, furnish no ground of reversal. The decision was a matter of discretion on the conduct of the trial, and affords no basis for an exception. (*The People* v. *Baker*, 3 Hill, 159; *The People* v. *Costello*, 1 Denio, 83.)

Upon an inquiry being made of a witness, whether he had bought spiritouous liquors of the defendant, to be drank on the premises, at the times indicated, the defendant objected, on the ground, that the people had given proof of a greater number of offenses already than there were counts in the indictment. Assuming that no greater number of offenses could be proved than was equal to the number of counts in the indictment, how can this court know, or how could the court below know, what number of offenses had been proved when the objection was made? If, indeed, the defendant or his counsel had said to the court and jury on the trial, "I admit that a certain number of offenses have been proved against me, and I object to the proof of any more," his position would have been much better than it now is. He not only did not admit this, but he denied that he was guilty of any offense, or that the proof established it, and the jury, by their verdict, found that his violation of the law was limited to a single occasion. Whether the authority of the agent by whom the most of the sales were made was established, could only be known by the verdict of the jury, and whether the few witnesses, and which of them, that testified to the personal acts of the defendant, had made out the offense charged, was not known, and could not be assumed, when the objection was made. The result of the verdict is conclusive evidence, that neither at that time, nor at any other time, had the defendant been proved to have committed more than one of the offenses for which he was on trial. This objection cannot be sustained.

The judgment should be affirmed, and the General Sessions of Niagara county advised to proceed to execute their judgment.

CLERKE, J. The plaintiff in error was not entitled to two reviews of the same matter by the Supreme Court. On the proceedings by *certiorari*, that court reviewed the indictment and bill of exceptions; of course, as the *certiorari* is always issued before judgment, the errors (if any) arising in the judgment could not have been reviewed. The court

were, therefore, right in confining their attention, under the writ of error, merely to the judgment, having previously reviewed the indictment and bill of exceptions under the *certiorari*. It cannot be pretended that the Supreme Court erred, in deciding that the judgment pronounced in the Court of Sessions, in pursuance of the directions of the Supreme Court under the *certiorari*, was entirely in conformity with the law declaring the punishment for the misdemeanors of which the plaintiff in error was convicted.

The judgment should be affirmed.

All concur.

Judgment affirmed.