(1 App. Div. 131.)

### VILLAGE OF CORTLAND v. HOWARD.

(Supreme Court, Appellate Division, Third Department. January 27, 1896.)

1. SALE OF LIQUORS—VIOLATION OF EXCISE LAW—COMPLAINT.
   A complaint averring that defendant sold liquors "contrary to law," without setting out in what manner he violated the excise law, is insufficient.

2. SAME—INDEFINITE COMPLAINT IN JUSTICE'S COURT—DEMURRER.
   Under Code Civ. Proc. § 2939, providing for a demurrer in a justice's court "where the complaint is not sufficiently explicit to be understood," defendant's demurrer to a complaint charging him with a violation of the excise law, which fails to disclose any facts which would apprise him of the nature of his offense, must be sustained.

Appeal from Cortland county court.

Action by the village of Cortland against John H. Howard. From a judgment in favor of plaintiff, defendant appeals. Reversed.

This action was brought in a justice's court to recover a penalty of $100 imposed by the village of Cortland under a provision of its charter against any person selling within its limits "intoxicating liquors, contrary to law." The complaint, after setting forth the ordinance, the authority of the village to enact it, and the service of a copy thereof upon the defendant, further sets forth its cause of action in the following words: "That on or about the 26th day of April, 1895, at his saloon and place of business, No. —— Port Watson street, in the village and county of Cortland, in the state of New York, the defendant unlawfully sold and delivered to Charles White, and to divers other persons, whose names are unknown to the plaintiff, intoxicating liquors, to wit, whisky, brandy, rum, gin, ale, wine, beer, cider, as such, or disguised under other names, or mixed with other substances to conceal their identity or true character, contrary to law and the aforesaid ordinance; whereby the defendant incurred the penalty of one hundred dollars provided for the violation of such ordinance; whereby the defendant became indebted and liable to the plaintiff in this action in the sum of one hundred dollars, besides the costs of this action. Wherefore the plaintiff demands judgment against the defendant in the sum of one hundred dollars besides the costs of this action." The defendant appeared on the return day, and filed a written demurrer to such complaint on two grounds: First, that it is not sufficiently explicit to be understood; second, that it does not state facts sufficient to constitute a cause of action. Such demurrer was overruled, and exception duly taken. The plaintiff thereupon proceeded to the proof of its case. The defendant gave no evidence, and took no further part in the proceedings. Upon the evidence given, the justice rendered judgment against the defendant for a penalty of $100 and costs. The defendant thereupon appealed to the county court of Cortland county, where such judgment was affirmed, and from such judgment of affirmance the defendant appeals to this court.

Argued before PARKER, P. J., and LANDON, MERWIN, PUTNAM, and HERRICK, JJ.

Dougherty & Miller, for appellant.

Irving H. Palmer, for respondent.

PARKER, P. J. The first question presented upon this appeal is whether such demurrer should not have been sustained. It is a familiar rule that the complaint must state "in a plain and direct manner the facts constituting the cause of action." Code, § 2936. In the complaint before us the statements of what the defendant did do not show any violation of the excise law, nor any right to a judgment against him for the penalty claimed. The defendant might have sold to Charles White and others, on the day charged, the intoxicating liquors specified, and yet have not violated any law. Something further than a sale of intoxicating liquors must appear to show an illegal sale. It must appear that they were sold without a license, or, if a license was had, that less than five gallons were sold at the time, or that the amount sold was to be "drunk or used on the premises," before the sale can be said to be unlawful. Laws 1892, c. 401, § 31. Also such sale to Charles White was not necessarily a violation of any of the many prohibitions contained in section 32 of that act. It is manifest, therefore, that unless the phrases "unlawfully" and "contrary to law" can be deemed an averment of all the omitted facts necessary to complete the charge, the complaint fails to state a cause of action. Such phrases are a mere statement of a conclusion of law. It is true that "facts may be stated according to their legal effect." So a resultant fact, or "a conclusion of fact," may be

pleaded. Brown v. Champlin, 66 N. Y. 214; Thayer v. Gile, 42 Hun, 268. But that is very far from holding that a mere conclusion of law may be stated as a fact. To aver that the defendant sold liquor contrary to law states no facts. The facts are in the mind of the pleader; his conclusion merely is stated in the pleading. The object of the complaint is to apprise the defendant of the facts upon which the plaintiff relies for a cause of action, so that he may meet and disprove them. In the case before us, if the averment that the sale is contrary to law is to be deemed an averment of all the omitted facts necessary to show that the sale made to Charles White on the day charged was a violation of the excise law, the plaintiff would have the right under it to show either one of a dozen modes by which such a violation occurred, not one of which can be discovered from his complaint; and the defendant would be left in ignorance of which one, or how many, the plaintiff expected to prove, until he entered upon the trial. We think that it would defeat the very purpose of a complaint to allow such an averment to have the effect which the plaintiff claims for it.

It is to be also noticed that the Code (section 2939) allows a demurrer in a justice's court "where the complaint is not sufficiently explicit to be understood"; and, if it be conceded that the averment of a sale contrary to law is the statement of an issuable fact, yet it would seem, when used to charge a violation of the excise laws, and without the averment of any other facts than are contained in this complaint, to be a very indefinite method of stating the cause of action. It charges that the sale to White was a violation of the excise law; but for what reason is it claimed to be such? Is it claimed that White was under 16 years of age, or that he was intoxicated at the time, or an habitual drunkard, or a pauper, or an Indian, or that the sale came within several other prohibitions contained in section 32? The complaint does not disclose, and the defendant may very well say that it is not explicit enough for him to understand, upon what facts the cause of action about to be proven against him rests. This action is for a penalty, is of a quasi criminal nature, and is, therefore, one of a class in which the rule that the defendant should be accurately informed of the exact charge against him should not be relaxed. The following cases show the views which the courts have taken upon similar questions in similar cases, and tend to sustain the conclusion above reached: People v. Olmsted, 74 Hun, 324, 26 N. Y. Supp. 818; People v. Pillion, 78 Hun, 74, 29 N. Y. Supp. 267; People v. Bradt, 46 Hun, 445. There seems to be no provision in a justice's court for moving to make a complaint more definite and certain. If it is not sufficiently explicit to be understood,—and by that is meant sufficiently explicit to fairly inform defendant upon what the cause of action is based,—his remedy is by demurrer. This remedy the defendant took in this case, and we think he was entitled to it. The justice should have sustained the demurrer, and have required the complaint to be so amended as to give the requisite information, or else have rendered judgment against the plaintiff. It does not cure the error that subsequently sufficient proof was made to establish a cause of action. Defendant was not required to meet

that proof under that pleading, and he made no attempt to. This conclusion renders it unnecessary to examine the other questions presented by the appellant. The judgment of the county court and of the justice should be reversed, with costs.

Judgment of the county court and of the justice's court reversed, with costs. All concur.