(8 App. Div. 133)

## PEOPLE v. POLHAMUS.

(Supreme Court, Appellate Division, Third Department. July 7, 1896.)

1. INTOXICATING LIQUORS—INFORMATION—STATEMENT OF TIME.
    An information for unlawfully selling intoxicating liquors need not state the precise times at which the sales were made, but it is sufficient to allege that they were made "at divers times between April 1, 1895, and July 5th."

2. SAME—STATEMENT OF PLACE.
    An information which alleges that defendant unlawfully sold intoxicating liquors "at the town of Marlborough, Ulster county, N. Y.," sufficiently states the place where the sale was made.

3. SAME—JOINDER OF SEVERAL OFFENSES.
    The rule existing before the Code of Criminal Procedure took effect, that several misdemeanors might be joined in one information, was not changed by section 278, providing that an indictment must charge but one crime, as section 62, which specifies what sections shall be applicable to the courts of special sessions, in which misdemeanors are triable, does not mention section 278.

4. SAME—NAMING PERSON TO WHOM SALES WERE MADE.
     An information for unlawfully selling intoxicating liquors need not name
     the persons to whom the sales were made.
     Herrick, J., dissenting.

Appeal from court of sessions, Ulster county.

Doty Polhamus was convicted in a court of special sessions for violating Laws 1892, c. 401, § 31, known as the "Excise Law," and from a judgment of the court of sessions affirming the judgment of conviction the defendant appeals.    Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

E. Dayton, for appellant.
Charles F. Cantine, for the People.

MERWIN, J.    It is claimed by the defendant that the information before the magistrate is insufficient, in that (1) it does not state the time and place of the alleged crime; (2) it charges the commission of more than one crime; (3) it should state the names of the persons to whom sales are alleged to have been made, or that their names are unknown; (4) it should be upon oath or affirmation, or it should state that it was based upon the sworn statements of persons therein named.    These objections are substantially the same as those taken at the trial.    The information is in form of an affidavit, sworn to before the magistrate on July 6, 1895, and states "that one Doty Polhamus did wrongfully, and in violation of section 31 of chapter 401 of the Laws of the State of New York, passed in the year 1892, and the several acts amendatory thereto, at the town of Marlborough, Ulster county, N. Y., sell strong and spirituous liquors, wines, ale, or beer, in quantities of less than five gallons at a time, to be drunk on the premises, to divers persons, at divers times between April 1, 1895, and July 5th, inclusive, and particularly on July 3 and 4, 1895, without having a license therefor; that the grounds of deponent's knowledge is derived from statements made to deponent by William Dewitt, Michael Kaley, and Richard Dowd, as to sales thereof, and divers other persons."    The affidavits of Dewitt, Kaley, and Dowd, named in the information, and of three other persons, were taken by the magistrate at the same date, and upon such information and affidavits the warrant was issued.    No point is made about the warrant.    By section 145, Code Cr. Proc., the information is defined as follows:  "The information is the allegation made to a magistrate, that a person has been guilty of some designated crime."    Other sections (148 to 152) provide that, when an information is laid before a magistrate, he must examine on oath the informant or prosecutor, and any witnesses he may produce, and take their depositions, which must set forth the facts related by the prosecutor and his witnesses tending to establish the commission of the crime and the guilt of the defendant; and if the magistrate is satisfied therefrom that the crime complained of has been committed, and that there is reasonable ground to believe that the defendant has committed it, he must issue a warrant, which, among other things, must state the crime or offense alleged to have been committed.    It was not necessary to state

the precise time at which the crime was committed. That would not be necessary in an indictment (Code Cr. Proc. § 280), and certainly no stricter rule applies here. In People ·v. Olmsted, 74 Hun, 323, 26 N. Y. Supp. 818, the allegation covered a period of two years; and, besides, it was not alleged that the sale was without a license. The case of Village of Cortland v. Howard, 1 App. Div. 131, 37 N. Y. Supp. 843, was a civil action for a penalty. Time is not of the essence of the crime. People v. Krank, 110 N. Y. 488, 18 N. E. 242. The information was sufficiently definite as to time to enable the defendant to have the benefit of the judgment as a plea in bar to a future prosecution (3 Greenl. Ev. § 36; 1 Archb. Cr. Pl. [8th Ed.] 343; 11 Am. & Eng. Enc. Law, 939, and cases cited; Burns v. People, 1 Park. Cr. R. 182); the general rule being that the conviction is a bar to a subsequent prosecution, covering the same period, for acts provable under the first prosecution. As to the place, it is not apparent how that was not sufficiently charged. The offense consisted in selling in quantities less than five gallons without a license.

But it is said that more than one crime was charged. The crime was a misdemeanor, and, under the law prior to the enactment of the Code of Criminal Procedure, the joinder of separate and distinct misdemeanors was allowable, followed as in this case by a single sentence. Polinsky v. People, 73 N. Y. 69. This is conceded, but it is said that the rule has been changed by the Code. It has, so far as indictments are concerned, by the provisions of section 278, but this is not made applicable to proceedings in courts of special sessions. The sections that are applicable to such proceedings are enumerated in section 62. The failure to include in that list section 278 calls upon us to assume that the former practice as to those proceedings was designed to be continued. Besides, under the rule laid down in People v. Adams, 17 Wend. 475, there is ground for saying that only one offense would be deemed to be charged. No motion was made by the defendant to require the people to elect, or to confine the proof to a single offense. The motion was to dismiss the complaint and discharge the defendant, upon the objections stated. The defendant, not having asked that the proof be confined to a single offense, cannot well say he has been prejudiced by the form of the allegations in the information. Only a single sentence was imposed, or was proper. Section 717.

It is further alleged that the information should state the names of the persons to whom sales were made, or that their names were unknown. The cases cited in support of this proposition (People v. Stone, 85 Hun, 130, 32 N. Y. Supp. 519; People v. Burns, 53 Hun, 274, 6 N. Y. Supp. 611; People v. Stark, 59 Hun, 51, 12 N. Y. Supp. 688), had reference to indictments, and were not under the excise law. The indictment must contain "a plain and concise statement of the act constituting the crime." Code Cr. Proc. § 275. The information is the allegation to a magistrate "that a person has been guilty of some designated crime." In the one case, the act constituting the crime must be stated; in the other, the crime must be designated. It seems to me to be very clear that the test of sufficiency in the one

is very different from the test as to the other. Before the Code it was held not to be necessary to specify the names of the persons to whom sales were made People v. Adams, supra; Osgood v. People, 39 N. Y. 449. I think the crime was sufficiently designated. The information was on oath, and the grounds of the informant's knowledge were stated. It was in that respect sufficient to authorize the magistrate to proceed to the taking of the depositions, about which no point is made. It is very evident that under the Code of Criminal Procedure it is expected that the proceedings before a justice, in a case like the present, will be informal. The provisions as to demurrer (sections 321–331) are not made applicable. It is also provided that upon an appeal "the court must give judgment, without regard to technical errors or defects, which have not prejudiced the substantial rights of the defendant." Code Cr. Proc. § 764. In this view, no reversible error is, I think, apparent in the overruling of the defendant's objections to the information.

The defendant claims that error was committed by the magistrate in allowing the attorney for the people to read to a witness, for the purpose of refreshing his recollection, an affidavit which he had previously made. It is not clear that the reading was objected to. Assuming that it was, it was a matter within the discretion of the justice.

The defendant claims that the verdict is against the evidence. An examination of the evidence leads us to the conclusion that it is sufficient to sustain the verdict.

Judgment affirmed, and proceedings remitted to the county court to carry the judgment into effect. Code Cr. Proc. § 769. All concur, except HERRICK, J., dissenting.