Second Appellate Department, March, 1898. Reported. 26 App. Div. 564.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* CONRAD
STOCK, Respondent.

Liquor Tax Law—An offender against its provisions can not be sentenced
to an imprisonment of one day for each dollar of the fine unpaid—
Discharge under a writ of habeas corpus.

The provisions of sections 484 and 718 of the Code of Criminal Procedure,
providing that a judgment which imposes a fine may also direct that the
criminal be imprisoned until the fine be paid, for a term not to exceed one
day for each dollar of the fine, are not applicable to a conviction under
the Liquor Tax Law (Laws of 1896, chap. 112, § 34), which makes a sale
of liquor by one not having a liquor tax certificate a misdemeanor, punish-
able by fine and imprisonment, but contains no specific authority to
sentence the criminal to imprisonment for non-payment of the fine, the
latter statute being designed to cover the whole subject, both prescribing
the punishment and the manner in which the fine shall be collected.

Where in such a case a sentence of imprisonment has been imposed for
the non-payment of the fine, the prisoner may be released under a writ of
habeas corpus.

APPEAL by the plaintiff, The People of the State of New York,
from an order of the Supreme Court, entered in the office of the
clerk of the county of Dutchess on the 18th day of December,
1897, directing the sheriff of the county of Dutchess to discharge
the defendant from his custody.

*George Wood,* for the appellant.

*Charles A. Hopkins,* for the respondent.

GOODRICH, P. J.   The defendant, Stock, was convicted in the
county court of Dutchess county on December 13, 1897, under
section 34 of the Liquor Tax Law (Laws of 1896, chap. 112), of
selling liquor without having obtained a liquor tax certificate,
and was sentenced to pay a fine of $300, and in default of pay-
ment, to stand committed to the county jail for a term not to
exceed one day for each dollar of the fine.   On December
eighteenth he was discharged under a writ of habeas corpus, the
order being based upon the theory that the statute did not
authorize imprisonment for non-payment of the fine.   Two ques-
tions arise: *First,* the jurisdiction of the county court to

impose the sentence of imprisonment, and *second,* the right of the court to review it upon a writ of habeas corpus.

Section 34 of the Liquor Tax Law (5 R. S. [9th ed.] 3492) provides as follows:

"§ 34. *Penalties for violation of this act.*—1. Any corporation, association, copartnership or person trafficking in liquors who shall neglect or refuse to make application for a liquor tax certificate or give the bond, or pay the tax imposed as required by this act, shall be guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not less than two hundred nor more than two thousand dollars, provided such fine shall equal at least twice the amount of the tax for one year, imposed by this act upon the kind of traffic in liquors carried on, where carried on, and may also be imprisoned in a county jail or a penitentiary for the term of not more than one year."

This section provides for the infliction of a fine of not less than $200, and, in addition, imprisonment in the county jail for not more than one year. It does not provide for a commitment to the county jail for a term not to exceed one day for each dollar of the fine, but it is claimed that as the Liquor Law declares the act a misdemeanor, it falls within the provisions of sections 484 and 718 of the Code of Criminal Procedure, which read:

"§ 484. *Judgment to pay fine* * * * A judgment that the defendant pay a fine may also direct that he be imprisoned until the fine be satisfied. specifying the extent of the imprisonment, which cannot exceed one day for every one dollar of the fine."

"§ 718. *Judgment of imprisonment, until fine be paid; extent of imprisonment.*—A judgment that the defendant pay a fine may also direct that he be imprisoned until the fine be satisfied, specifying the extent of the imprisonment, which cannot exceed one day for every one dollar of the fine."

The question arises whether sections 484 and 718 are applicable to the imprisonment mentioned under section 34 of the Liquor Tax Law, which was passed subsequently to the cited sections of the Code of Criminal Procedure.

Section 36 of the Liquor Tax Law (5 R. S. [9th ed.] 3494) provides that the fine must be docketed as a judgment against the person convicted, in favor of the State Commissioner of Excise, and if the judgment shall not be paid within five days after the sentence, the clerk of the county shall issue an execution against the property of the judgment debtor, and that the levy thereunder

shall take precedence of any and all liens, mortgages, conveyances or incumbrances, on the property of the judgment debtor, subsequent to the docketing of the judgment; and that no property of the debtor shall be exempt from such levy and sale, and that where the debtor has furnished the bond authorized by section 18 of the act, the amount of the judgment may be collected from the sureties on such bond.

The learned judge at Special Term held that the imposition of a fine merely was in no sense a criminal punishment, as the statute provided that the debtor might be punished by imprisonment in addition to the fine, and that he could not be imprisoned simply for non-payment of the fine. I think this view is correct.

The 34th section of the Liquor Tax Law provides a specific punishment for the offense therein defined, and the County Court could resort alone to it and section 36 for the punishment and power to enforce sentence. It contains specific directions for sentence for the offense and must be strictly construed. No specific authority can be found in its provisions for imprisoning the defendant for non-payment of the fine. In this view of the completeness of the statute within itself and of all matters relating to offenses thereunder, I am further confirmed by its provision providing for the giving of a bond by each applicant for a tax certificate. It is true that the offense for which the petitioner was convicted was that he neither applied for nor obtained the certificate; but I refer to the bond simply for the purpose of illustrating the reach of the statute.

Still further confirmation of this view is found in *Matter of N. Y. Institution* (121 N. Y. 234, 239), where the court held " that where prior laws are revised and consolidated into a new act, such act is to be deemed to contain the entire law upon the subject, and that a prior provision of law which is dropped, is to be regarded as repealed. In *Ellis* v. *Paige* (1 Pick. 43) it is said: ' It is a well-settled rule that when any statute is revised, or one act formed from another, some parts being omitted, the parts omitted are not to be revived by construction, but are to be considered as annulled. To hold otherwise would be to impute to the Legislature gross carelessness or ignorance, which is altogether inadmissible.' In *Bartlett* v. *King* (12 Mass. 537) it was held that a subsequent statute revising the whole subject-matter of a former one, and evidently intended as a substitute for it, although it contains no express words to that effect, must, upon

principles of law, as well as in reason and common sense, operate to repeal the former."

There is authority for holding that, under statutes which define certain offenses as misdemeanors, a writ of *levari facias* may be issued to enforce the payment of a fine, but these cases arose under statutes which did not contain any specific method of enforcing the collection of the fine.

This subject was before the court in the case of *People ex rel. Gately* v. *Sage* (13 App. Div. 135), where, on conviction for assault in the second degree, the prisoner was sentenced to be imprisoned in the State prison and to pay a fine of $730, and, in default of payment of the fine, that he be further imprisoned in said State prison until the fine was paid, not exceeding 730 days. This sentence was pronounced under section 221 of the Penal Code, which provides that the crime shall be punishable " by imprisonment in a penitentiary or State prison for a term not exceeding five years, or by a fine of not more than one thousand dollars, or both." In this section there is no special provision for imprisonment in default of the payment of the fine, but this is supplemented by section 484, above cited, and this court (p. 137) said: " If the judgment cannot direct that the defendant stand committed, after the expiration of five years, till the fine be paid, the provision that he may both be imprisoned for five years and fined $1,000 is rendered nugatory."

In the case at bar, however, there is a special provision for the enforcement of the fine, and this differentiates it from the Sage case.

Turning now to the opinion in *Colon* v. *Lisk* (13 App. Div. 195, 204; affd., 153 N. Y. 188), referred to in *People* v. *Sage, (supra),* this court held that, by the common law, the writ of *levari facias* to enforce the payment of a fine, was issuable by the common law on the ground that " it was an attribute of sovereignty authorizing the levy for a debt due to the crown by the united process against the body, the lands and goods of the defendant." This action was brought under the statute forbidding trespassing on oyster beds (Chap. 974, Laws of 1895, as amended by chap. 383, Laws of 1896). The statute declared that any person who violated its provisions should be guilty of a misdemeanor. There was in this statute no provision for the issuing of an execution to enforce the payment of the fine, although the vessel and property used in the commission of the offense were made liable

to seizure and sale. As the statute declared the offense a misdemeanor, recourse must be had to the sections of the Criminal Code, already cited (484 and 718), and to section 15 of the Penal Code, which reads: " A person convicted of a crime declared to be a misdemeanor, for which no other punishment is specially prescribed by this Code, or by any other statutory provision in force at the time of the conviction and sentence, is punishable by imprisonment in a penitentiary or county jail for not more than one year, or by a fine of not more than five hundred dollars, or by both."

The case at bar again differs from this case in the important fact that specific provision is made in the Liquor Tax Act for the collection of the fine. The personal liberty of the prisoner being involved, I think the statute must be strictly construed, and that it does not authorize any commitment of a prisoner for non-payment of the fine imposed.

*Second.* I have no doubt that the question involved may be properly adjudicated upon a writ of habeas corpus, for the reason that the Trial Court had no jurisdiction or power, under the Liquor Tax Law, to impose a sentence of imprisonment for non-payment of the fine.

In the case of *People ex rel. Tweed* v. *Liscomb* (60 N. Y. 559) the court held that where the record shows that the judgment is not merely erroneous, but is such as could not, under any circumstances, or upon any state of facts, have been pronounced, the case is not within the exemption of the Habeas Corpus Act, excluding from its benefits persons committed by virtue of a judgment or decree of a competent tribunal, or if it appear that the judgment is in excess of that which by law the court had power to make, it is void for the excess, and can be so declared, and that the prisoner was entitled to discharge under habeas corpus.

A similar doctrine was announced by the Supreme Court of the United States in *Ex parte Lange* (85 U. S. 163). In that case the court below had imposed a fine *and* imprisonment, where it had power only to impose a fine *or* imprisonment, and the fine had been paid. The court held that the prisoner, having paid the fine, was entitled to discharge under habeas corpus, and that the judgment of the court below, that is, the fine, having been executed so as to be a full satisfaction of one of the alternative

penalties of the law, the power of that court as to that offense was at an end.

In the present proceeding the judgment or the sentence of fine, as shown by the record, was pursued to its end by the entry of the judgment against the defendant therein and the issuance of an execution for the collection thereof. Under these circumstances, the defendant was not held or detained by virtue of the judgment or decree of any competent tribunal, in which case the writ of habeas corpus would not lie.

Since the foregoing was written, an opinion has been published in the case of *People ex rel. Bedell* v. *Kinney* (24 App. Div. 309), where a party was imprisoned under a similar sentence, and a writ of habeas corpus was issued before the expiration of six months' imprisonment. The Appellate Division of the fourth department reversed the order discharging the relator from imprisonment, but only on the ground that the writ was issued before the expiration of term of imprisonment, and was, therefore, premature, without referring to the question herein considered. Mr. Justice WARD, however, wrote a dissenting opinion, in which he discussed the question involved in the foregoing opinion and arrived at a conclusion similar to my own.

The order of the Special Term should be affirmed.

All concurred.

Order discharging relator affirmed.