(23 Misc. Rep. 477.)

PEOPLE ex rel. LANGWORTHY v. HAZARD, Sheriff.

(Supreme Court, Special Term, Erie County.    May, 1898.)

INTOXICATING LIQUORS — LIQUOR TAX LAW — IMPRISONMENT FOR FAILURE TO PAY FINE.
    One sentenced to pay a fine on conviction under the liquor tax law (5 Rev. St. [9th Ed.] p. 3492, § 34) cannot be imprisoned as a condition for the nonpayment of such fine.

Proceeding, on the relation of Adelbert Langworthy, against Joseph E. Hazard, sheriff of Cattaraugus county, for discharge from custody on writ of habeas corpus.    Order of discharge.

D. E. Powell (W. G. Laidlaw, of counsel), for relator.
Joseph H. Congdon, Dist. Atty., for respondent.

TITUS, J.    This is a proceeding by habeas corpus to discharge the defendant from the custody of the sheriff of Cattaraugus county.    On the 14th day of March last, in the county court of Cattaraugus county, Adelbert Langworthy was convicted of the crime of selling liquor in quantities less than five gallons at a time, without having paid the tax and posted the liquor tax certificate.    On the 21st day of March the court sentenced the defendant to pay a fine of $200, and to stand committed to the county jail until paid, not to exceed one day for each dollar imposed as a fine.    The only question raised on the return of the writ was whether the court had the power, under the law, to impose a fine, and imprison the defendant for failure to pay the same, under the provisions of the Penal Code. It does not seem necessary to enter into a discussion of this question.    The same question was before the appellate division of the Fourth department in People v. Kinney, reported in 24 App. Div. 309, 48 N. Y. Supp. 749.    In that case the writ was dismissed, as having been prematurely taken, but Judge Ward, in the opinion (although the court did not pass upon this question), held that such a sentence was contrary to the provisions of the liquor tax law; that it conferred no power upon the court to impose imprisonment

as a penalty for not paying the fine.   In the case of People v. Stock, 26 App. Div. 564, 50 N. Y. Supp. 483, recently decided by the appellate division in the Second department, the court unanimously held, in a case where the facts are parallel in all particulars to the case under consideration, that the provisions of the Criminal Code providing that a judgment which imposes a fine may also direct the criminal to be imprisoned until the fine is paid, for a term not exceeding one day for each dollar of the fine, are not applicable to a conviction under the liquor tax law; that, as the latter statute covers the whole subject, prescribing the punishment and the manner in which the fine shall be collected, the penalty imposed must be in accordance with that statute, and, in such a case, where the defendant was convicted and fined, and, in the alternative, ordered sent to the penitentiary not exceeding one day for each dollar imposed as a fine, was void to the extent of the imprisonment; and that the defendant was entitled to his discharge.   Under any circumstances, I should feel bound to follow these decisions, being parallel to the case under consideration, if I had no personal opinion upon the question, but I am strongly of the opinion that these cases express the true rule of law upon this question, and that a defendant convicted under this statute cannot be imprisoned as a condition for the nonpayment of a fine imposed by the court.   It follows, therefore, that the relator must be discharged from his imprisonment, and it is ordered accordingly.

Ordered accordingly.