## PEOPLE v. SHAVER.

(Supreme Court, Appellate Division, Third Department. January 11, 1899.)

1. JUSTICE OF THE PEACE—JURISDICTION—WAIVER OF OBJECTIONS.

Where defendant, when arrested in proceedings under the excise law (Laws 1892, c. 401, § 31), made no objection to the jurisdiction of the justice, but pleaded not guilty, and obtained an adjournment to procure a certificate that the case was one to be prosecuted by indictment, he could not, on failing to obtain certificate, claim that the justice had no jurisdiction.

2. EXCISE LAW—DEPOSITION—SUFFICIENCY.

A deposition in proceedings under the excise law (Laws 1892, c. 401, § 31) may charge separate and distinct offenses, and need not state the times at which, nor the names of the persons to whom, the illegal sales were made.

3. SAME—PUNISHMENT.

The justice may, on conviction of defendant under such act, impose a fine, and direct his imprisonment until it be paid, not to exceed one day for each dollar of the amount of the fine.

Appeal from court of special sessions, Delaware county.

Edwin Shaver was convicted of unlawfully selling intoxicating liquors, and sentenced to pay a fine, and, in default of payment, to imprisonment for one day for each dollar of the amount of fine imposed. He appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUT-NAM, and MERWIN, JJ.

J. K. P. Jackson, for appellant.
W. F. White, Dist. Atty., for the People.

PUTNAM, J. On July 5, 1895, the deposition of George M. Bussey and Carl McCune was filed with Walter Gladstone, a justice of the peace of the town of Andes, Delaware county, charging the defendant with a violation of the provisions of section 31, c. 401, Laws 1892. The deposition alleged a sale of strong and spirituous liquors, viz. ale and beer, to each of the said deponents on the 30th day of June, 1895, at the town of Andes, aforesaid, the defendant not having a license to make such sale. The deposition also alleged a sale to other parties, not named, at said place, within three months, of ale, beer, strong and spirituous liquors. A warrant was thereupon issued, and the defend-

ant arrested, and brought before the justice, when he pleaded not guilty. An adjournment was thereupon had to enable him to obtain a certificate that the case was a proper one to be prosecuted by indictment. On the adjourned day the parties appeared before the justice, and, the defendant having failed to procure such certificate, the trial of the case proceeded. The defendant thereupon made certain objections to the jurisdiction of the court specified in the "case," which were overruled. When those objections were made, any irregularities in the procedure had been waived by the defendant; he, on being arrested, having made no objections thereto, having pleaded not guilty, and obtained an adjournment to procure a certificate. People v. Winness, 3 N. Y. Cr. R. 89–91. The objections made by the defendant to the jurisdiction of the court on the adjourned day were properly overruled. The deposition set out a sale of strong and spirituous liquors, viz. ale and beer, on the 30th day of June, 1895, and was sufficient to confer jurisdiction upon the justice. Again, the deposition alleged a sale of ale, beer, and strong and spirituous liquors within three months to other parties, not named. Under our decision in People v. Polhamus, 8 App. Div. 133, 40 N. Y. Supp. 491, it was not necessary to state the precise time at which, or the names of the persons to whom, such sales were made. In the case cited it was also determined that separate and distinct offenses under the act of 1892 might be joined in the same charge. No objection, however, was interposed by the defendant to an improper joinder of charges for distinct and separate offenses by the defendant. The deposition, therefore, charged a sale without a license of strong and spirituous liquors, to wit, ale and beer, on a specified day, by the defendant; also other unlawful sales within three months to other parties; and was sufficient to confer jurisdiction on the justice.

The appellant claims that the court erred in not only imposing a fine upon the defendant, but also directing that he be imprisoned until the fine be paid, not to exceed one day for each dollar of the amount of the fine; citing People v. Stock, 26 App. Div. 564, 50 N. Y. Supp. 483. In that case the defendant was convicted under the provisions of section 34, c. 112, Laws 1896. The defendant in this case was convicted under section 31, c. 401, Laws 1892. The difference between the two sections is apparent. I do not think the doctrine stated in People v. Stock is applicable to this case. Under the provisions of section 31, c. 401, Laws 1892, the act of the defendant in selling liquor without a license is simply declared to be a misdemeanor, without making any such provision for the punishment by fine and imprisonment as is contained in the act of 1896. I see no reason to doubt that the sentence imposed by the court below was authorized.

The defendant also urges that the deposition improperly charges separate and distinct offenses. As before said, we have held in People v. Polhamus, supra, this may be done.

It is also claimed that the court erred in receiving evidence of sales at other times than June 30, 1895, there being no allegation in the complaint of time, place, kind of liquor, or manner of sales as to such charges. The evidence was admissible under the deposition. If that was indefinite, I think the defendant at the first opportunity—before pleading—was bound to take the objection, and, not having done so,

waived his rights in that regard.  But when the defendant did make certain objections to the jurisdiction of the court he made no claim that different offenses were embraced in the same charge, or that the names of those to whom sales had been made were not stated in the deposition, or any claim of any indefiniteness in the deposition, except that no day was designated on which sales had been made.  As we have seen, the designation of the day when sales were made was not required.  I think the court did not err in receiving the evidence in question.

There were some rulings of the justice, in receiving and excluding evidence on the trial, of doubtful propriety; but the testimony in the case was not conflicting.  The sale of the lager beer on June 30, 1892, was clearly shown, as also a sale of whisky at some period in the same month.  If the justice did commit any error in the rulings referred to, it is impossible to see how the defendant could have been injured thereby.  The guilt of the defendant was clearly shown by the undisputed evidence.  Bearing in mind the provisions of section 542 of the Code of Criminal Procedure that judgment should be given on such an appeal as this without regard to technical errors or defects, or to exceptions which do not affect substantial rights, I think the judgment should be affirmed.  All concur.