### PEOPLE v. JONES.

(Supreme Court, Appellate Division, Third Department. January 13, 1911.)

1. COURTS (§ 33*)—COURTS OF LIMITED JURISDICTION.

   A Court of Special Sessions being a court of limited jurisdiction, the fact that it has jurisdiction in a particular case must affirmatively appear.

   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 135, 136, 138; Dec. Dig. § 33.*]

2. CRIMINAL LAW (§ 93*)—INFORMATION—PETIT LARCENY—"GRAND LARCENY."

   An information before a Court of Special Sessions for theft of a cow not showing that the value thereof did not exceed $25 was insufficient basis for a warrant for petit larceny within the jurisdiction of the court, given under Cr. Code, § 56, subd. 1, to hear trials for petit larceny, but not of larceny in any other degree, inasmuch as under Penal Law (Consol. Laws, c. 40) § 1296, if property of more than the value of $25 is stolen,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the crime is grand larceny in the second degree, triable only after indictment.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 137–166; Dec. Dig. § 93.*

For other definitions, see Words and Phrases, vol. 4, pp. 3149–3150.]

3. CRIMINAL LAW (§ 94*)—JURISDICTION—COURTS OF SPECIAL SESSION—PETIT LARCENY.

The undisputed evidence showing that the animal was worth $40, it affirmatively appeared that, if any crime was committed, it was grand larceny in the second degree, not within the jurisdiction of the Court of Special Sessions.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 137–166; Dec. Dig. § 94.*]

4. CRIMINAL LAW (§ 99*)—JURISDICTION—JURISDICTION BY CONSENT.

Consent cannot confer jurisdiction upon a court which has none, and hence that on arraignment accused who, if guilty of any crime, was guilty of grand larceny in the second degree, not within the jurisdiction of the Court of Special Sessions, did not object to the jurisdiction of the court, but asked for an adjournment to procure counsel, did not confer jurisdiction on the court.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 99.*]

5. LARCENY (§ 3*)—ELEMENTS OF OFFENSE.

Where accused and his lessee agreed that accused should sign a note for the price of a cow, and deliver it to the lessee on condition that, if accused were compelled to pay the note, the cow should be his, and, upon the lessee's failure to pay the note, accused openly took the cow from the lessee's possession, in good faith, he was not guilty of larceny, though the lessee claimed that he had repaid the amount of the note, which accused refuted; Penal Law (Consol. Laws, c. 40) § 1306, making it a sufficient defense to a charge of larceny that the property was appropriated openly and avowedly under a claim of title in good faith, even though such claim be untenable.

[Ed. Note.—For other cases, see Larceny, Cent. Dig. §§ 3–10; Dec. Dig. § 3.*]

Appeal from Cortland County Court.

John W. Jones was convicted of larceny, and he appeals. Reversed, and accused discharged.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Arving H. Palmer, for appellant.

E. W. Hyatt, for the People.

HOUGHTON, J. The defendant was the owner of a dairy farm, which, together with a herd of cows, was leased to the complainant on shares. Soon after the complainant moved upon the defendant's farm, he bid off a cow at a public auction. The vendors refused to deliver the cow to him unless the defendant would sign a note for the purchase price, which was $50.50. This the defendant agreed to do upon the understanding that the cow should be his if he was compelled to pay the note. When the note became due, the complainant did not pay it, and the same was paid by this defendant. At the time of the purchase of the cow, she was placed on the farm owned by the defendant and occupied by the complainant, and was there at the time the defendant paid the note. Some time later the defendant heard

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

a rumor that the complainant had mortgaged the cow, and, in the absence of the complainant, he went to the farm in the daytime and openly took the cow away. Thereupon the complainant went before a magistrate, and obtained a warrant for the arrest of the defendant for larceny. The information charged the defendant with committing "the crime of violating section 1298 of the Penal Law [Consol. Laws, c. 40] in feloniously taking the cow claimed to belong to the plaintiff from the fields where she was grazing and taking same in the direction of Cortland," where the defendant resided, without the consent or authority of the complainant. No value of the property was stated. On arraignment after he had procured counsel, the defendant moved for his discharge on the ground that the information was insufficient, and, upon that being denied, he further moved for his discharge on the ground that the magistrate sitting as Court of Special Sessions had no jurisdiction to try him. Upon this motion being denied, a jury was impaneled and a trial had. The complainant was sworn as a witness, and testified that the understanding with the defendant was when he signed the note that, if the defendant should pay it, the cow should be his, and acknowledged that the defendant did pay the note, but claimed that, after such payment, he repaid the amount to him. The defendant denied repayment, and testified that such payments as were made were not upon the note, but upon other dealings had between the parties, and that he took the cow openly, claiming title, believing that she belonged to him. The only proof of value was the undisputed testimony of one witness who said the cow was worth $40 at the time of taking. At the conclusion of the evidence, the defendant moved for his discharge both on the ground that no crime had been shown and upon the further ground that the Court of Special Sessions had no jurisdiction because the value of the property was more than $25. Such motion was denied and the jury found the defendant guilty. An appeal was allowed to the county court of Cortland county, which affirmed the judgment, whereupon defendant appealed to this court.

Assuming under the authority of People v. Smith, 86 Hun, 485, 33 N. Y. Supp. 989, that the information was sufficient upon which to base a warrant for larceny generally, it was not sufficient to show the crime of petit larceny which the Court of Special Sessions had jurisdiction to try because it was not shown that the value of the property did not exceed $25. If property of the value of more than $25 is stolen, the crime committed is grand larceny in the second degree (Pen. Law, § 1296), trial for which can be had only after indictment. Petit larceny is a misdemeanor, and can be committed only by the stealing of property of the value of $25 or less. Courts of Special Sessions are given jurisdiction by section 56, subd. 1, Cr. Code, to hear and determine the crime of petit larceny, but have no jurisdiction to hear and determine charges of larceny in any other degree. Not only did the information fail to show that the value of the cow was $25 or less, but the undisputed evidence upon the trial was that she was worth $40. It thus affirmatively appeared that if, in fact, any crime was committed, it was that of grand larceny in the second de-

gree, which the Court of Special Sessions had no jurisdiction to hear and determine. A Court of Special Sessions being a court of limited jurisdiction, the fact that it has jurisdiction in a particular case must affirmatively appear. People v. McLaughlin, 57 App. Div. 454, 68 N. Y. Supp. 246.

On his arraignment the defendant appeared without counsel, and did not raise objection to the jurisdiction of the court, but asked for an adjournment for the purpose of procuring counsel. While such failure to raise objection at the first opportunity might possibly be deemed a waiver of irregularities if the court had jurisdiction, as was held in People v. Shaver, 37 App. Div. 21, 55 N. Y. Supp. 701, and in People v. Huggins, 110 App. Div. 613, 97 N. Y. Supp. 187, and in People v. Winness, N. Y., 3 Cr. Rep. 89, there could be no waiver of the jurisdiction of the court, and no consent could confer jurisdiction upon a court which had none. Cancemi v. People, 18 N. Y. 128. The trial of the defendant therefore by the Court of Special Sessions was a nullity.

In addition, the proof showed that no crime was committed. The agreement was that, if the defendant paid the note given for the purchase price of the cow, she should become his property. Confessedly he did pay the note. The complainant says that he repaid the defendant, and the defendant disputes it. Even if the complainant is right in his contention, the defendant had sufficient reason to claim title to the cow, and from his standpoint there is nothing to impugn his good faith in so doing. Section 1306 of the penal law provides that it is a sufficient defense to a charge of larceny that the property was appropriated openly and avowedly under a claim of title in good faith, even though such claim is untenable.

Assuming that the jury had jurisdiction to render a verdict of guilty against the defendant, on the facts established the verdict would have been wrong, and must have been set aside.

The judgments of the County Court and of the Court of Special Sessions are reversed, and the defendant discharged. All concur.