(18 App. Div. 617.)

## PEOPLE v. SPEES.

(Supreme Court, Appellate Division, Fourth Department. June 12, 1897.)

FOOD—IMPURE MILK—ACTION FOR PENALTY—COMPLAINT.

A complaint in an action to recover the penalty provided by the agricultural law for violation of the provisions of that law relating to the sale of impure milk, etc., must, if the particular offense intended to be proved is the bringing of skim milk to a full cream cheese factory, allege that the milk in question was milk from which the cream had been taken, and that the factory to which it was brought was a full cream cheese factory, or was not a skim cheese factory; but a complaint which merely alleges that the defendant sold, supplied, and brought to be manufactured, to a cheese factory, impure and adulterated milk, though objectionable on the ground of generality of statement, sets out a cause of action within the statute, and it is error to dismiss such a complaint as insufficient before it has been made to appear that the particular cause of action intended to be proved is not sufficiently alleged.

Action by the people against Thomas Spees.　Motion by plaintiff for a new trial after a nonsuit on exceptions ordered to be heard in the appellate division in the first instance.　Granted.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Charles D. Newton, for plaintiff.

George W. Harding, for defendant.

GREEN, J.　This is a civil action for the recovery of certain penalties claimed to have accrued to the plaintiff by reason of the violation by the defendant of the provisions of sections 20 and 23 of the agricultural law.　The complaint contains allegations that on or about the 3d day of October, 1896, at Hunt's, Livingston county, N. Y., the defendant did sell, supply, and bring to be manufactured, to a cheese factory, impure and adulterated milk, in violation of sections 20 and 23 of chapter 338 of the Laws of 1893 (1 Rev. St. [9th Ed.] pp. 947, 948).　Upon the trial the defendant moved for a dismissal of the complaint upon the ground "that it failed to state facts sufficient to constitute a cause of action, in that it does not allege that this is a skim cheese factory."　The court refused to allow an amendment of the complaint, and granted defendant's motion for dismissal, to which decisions the plaintiff duly excepted.

For the purposes of the motion; the allegations that the defendant did sell, supply, and bring to be manufactured, to a cheese factory, impure and adulterated milk, must be taken as true. By section 23 it is provided that "no person shall sell, supply, or bring to be manufactured to any butter or cheese factory any milk diluted with water, or any unclean, impure, unhealthy, adulterated or unwholesome milk, or milk from which any of the cream has been taken, except pure skim milk, to skim-cheese factories." By section 20 the term "adulterated milk" is defined to mean (1) milk containing more than 88 per centum of water or fluids; (2) containing less than 12 per centum of milk solids; (3) containing less than 3 per centum of fats; (4) milk drawn from cows within 15 days before and 5 days after parturition; (5) milk drawn from animals fed on distillery waste, or any substance in a state of fermentation or putrefaction, or on any unhealthy food; (6) milk drawn from cows kept in a crowded or unhealthy condition; (7) milk from which any part of the cream has been removed; (8) milk which has been diluted with water, or any other fluid, or to which has been added or into which has been introduced any foreign substance whatever. "All adulterated milk shall be deemed unclean, unhealthy, impure, and unwholesome." Section 22 provides that no person shall sell any unclean, impure, unhealthy, adulterated, or unwholesome milk, or any cream from the same, or sell any article of food made from such milk, or of or from cream from the same, or manufacture from any such milk or cream from the same any article of food. It is declared in section 36 that "this article and each section thereof are declared to be enacted to prevent deception in the sale of dairy products, and to preserve the public health, which is endangered by the manufacture, sale and use of the articles or substances herein regulated or prohibited." Defendant's contention is that the complaint should contain an allegation negativing the exception, by averring that the cheese factory referred to was not a skim cheese factory; in other words, that it should be charged in the complaint that the defendant did sell, supply, and bring to be manufactured, to "a full cream cheese factory," impure and adulterated milk, and that, in the absence of those words, no offense is charged. The fallacy of the counsel's argument consists in the assumption that the "impure and adulterated milk" refers only to skimmed milk, and is founded on a misapprehension of the provisions of the law, and the true character of the complaint. The complaint does not necessarily, or in terms, charge the offense which the defendant claims should have been charged against him. The statute makes it an offense to bring to any cheese factory, whether a full cream cheese factory or a skim milk factory, any impure or adulterated milk for the purpose of being manufactured into cheese, and the exception relates only to the offense of bringing skimmed milk to a full cream or "full milk" cheese factory. Or, putting it in another form, it is made an offense to bring to any cheese factory any milk from which any of the cream has been taken, except that skim milk may be sold, supplied, or brought to a skim milk cheese factory for manufacture into cheese; and, of course, the milk must be "pure."

But cheese made from such milk cannot be sold as "full milk cheese." Sections 33, 34. Properly, section 23 should be read with a semicolon after the words "unwholesome milk." The milk may be "impure and adulterated," as charged in the complaint, not only in respect of the maximum or minimum of the percentum of the constituents prescribed, but also in the sense of being actually impure, unhealthy, or unwholesome, as declared in subdivisions 4–6, § 20, and therefore deleterious to health; or it may consist in dilution with water, or any other fluid, or in actual adulteration by the addition or introduction of any foreign substance (subdivision 8), which may or may not be of a deleterious character. In any of these senses the milk is "adulterated," even though no part of the cream has been removed, and all adulterated milk is declared to be unhealthy, impure, and unwholesome. The sale of any unclean, impure, unhealthy, adulterated, or unwholesome milk, or any article of food manufactured from the same, is prohibited (section 22), because their consumption would endanger the public health (section 36). The nature of the milk, whether of full cream or skimmed, or the character or description of the factory, is, therefore, of no consequence, and is irrelevant to the cause of action alleged. There is no averment that the milk was skimmed, nor is it requisite. If we assume the fact to be, as the defendant evidently desires the court to assume, that the milk was skimmed, the admission of the truth of the allegation that it was "impure and adulterated" renders the defendant liable to the penalty prescribed.

The plaintiff moved to amend the complaint by inserting an allegation that the factory referred to was a full cream cheese factory. Apparently the proposed amendment is immaterial to the cause of action alleged, though it may be a material, if not an essential, averment, to the particular cause of action intended to be established. The materiality of the amendment can only be determined by the character of the proof offered or produced, and of this there is nothing in the record, and the court is not informed as to the particulars of the cause of action proposed to be established. If we are at liberty to assume the real charge to be that the defendant did sell, supply, and bring to be manufactured, to a full cream cheese factory, "milk from which any of the cream has been taken," and, if the plaintiff proposed to establish that offense, an averment of the character or description of the factory is an essential constituent of the cause of action; indeed, it may be said to be the element that constitutes the offense, for if the factory is not of that particular description, no offense is created, since it is perfectly lawful to sell pure skimmed milk to any and every cheese factory, unless it is one of the character mentioned. Consequently, under such an assumption, it was incumbent upon the plaintiff to affirmatively allege that the factory was of that character, or at least to negative the exception by an averment that it was not a skim cheese factory; otherwise no such cause of action is stated, and the defendant is not bound to answer. The facts constituting the cause of action must be alleged. See Harris v. White, 81 N. Y. 532; Rowell v. Janvrin, 151 N. Y. 60, 45 N. E. 398. If this were

an indictment or information, it would be insufficient in not stating the specific offense, if the offense were as above assumed. People v. Pillion, 78 Hun, 74, 29 N. Y. Supp. 267; People v. Olmsted, 74 Hun, 323, 26 N. Y. Supp. 818. It being a penal action,—violation of statute,—the same degree of particularity should, by analogy, be applicable. It will be observed that if the proposed amendment had been allowed the complaint would still have been deficient in respect of charging the particular offense above assumed with sufficient accuracy, since an essential element would have been omitted therefrom, viz. that it was "milk from which any of the cream has been taken," and the motion did not embrace this argument or its equivalent. It is unnecessary to say whether, if the factory had been properly described, it would have been admissible to prove this particular offense under the allegation of "impure and adulterated milk," as specified in subdivision 7. The complaint, as it stands, is objectionable on the ground of generality of statement in not specifying in what respects the milk was impure and adulterated, as specified in section 20; but no objection has been taken to the complaint on that ground, either on the trial or upon this appeal, and its consideration is not required by this court. No motion was made to make it more definite and certain, but, on the contrary, the defendant appears to have acquiesced in its sufficiency. Whether or not the plaintiff should be allowed to amend its complaint in the respect desired, and upon what terms the permission should be granted, may now be determined upon application to the special term. From the briefs of the counsel it is evident that the plaintiff proposed to establish the offense of bringing to a full cream cheese factory milk from which the cream had been removed, and an amendment of the complaint was desired in order to charge that offense. Upon that assumption the trial court correctly decided that the complaint was insufficient in not averring the facts constituting that cause of action, and was warranted in dismissing the complaint, if that were the only cause of action the plaintiff proposed to establish. But the appellate court must abide by the record presented for its review, and the record fails to disclose the nature of the evidence the plaintiff intended to produce to establish the allegation that the milk was "impure and adulterated." As the complaint states a cause of action upon some one of the grounds specified in section 20, its dismissal was erroneous. It becomes unnecessary, therefore, to consider whether the proposed amendment should have been allowed. Looking at the record alone, the amendment was not required to make out a cause of action.

Plaintiff's exceptions sustained, and the motion for a new trial granted, and a new trial ordered, with costs to abide the event of the action. All concur.