to follow the doctrine of the California authority.    It seems in harmony with the rule that prevails with us, that the jurisdiction, even of the highest court, may be impeached by showing that the court had not jurisdiction of the defendant or the subject-matter, notwithstanding that the record recites jurisdiction.    If it is permissible to assail the record of a court by parol evidence, though the record avers jurisdiction, I cannot see why, on principle, it should not be permitted to prove jurisdiction by parol evidence, where the record is silent on the subject.    The distinction between judgments of superior courts and those of limited jurisdiction will still be maintained.    In the former class, jurisdiction will be presumed, though the record is silent on the subject; in the latter class, jurisdiction will not be presumed, and it will be necessary to prove jurisdiction, either by inspection of the record, or by proof aliunde; and, as to both classes, the jurisdiction may be impeached by parol evidence, if the facts giving jurisdiction did not in reality exist.

The judgment appealed from should be affirmed, with costs.    All concur.

---

## STEUBEN COUNTY v. WOOD.

(Supreme Court, Appellate Division, Fourth Department.    December 18, 1897.)

1. VETERINARY SURGEON—LICENSE—PENALTIES—INSUFFICIENT COMPLAINT.
     In an action to recover a penalty incurred by a violation of Laws 1895, c. 860, § 171, prescribing the conditions under which one may practice veterinary medicine, a complaint alleging that at a time and place stated defendant practiced veterinary medicine "in violation of" the statute, merely states a legal conclusion, and not facts constituting a cause of action.
2. SAME—FAILURE TO NEGATIVE EXCEPTIONS.
     In such case the complaint must negative the exceptions contained in the enacting clause of the statute.
3. OBJECTION TO COMPLAINT—WAIVER.
     The objection that the complaint does not state a cause of action made at the opening of the trial is not waived by proceeding with the trial after saving an exception to the overruling of the objection.
4. SAME—AIDER BY VERDICT.
     The defect could not be cured by a verdict for plaintiff where plaintiff's evidence was introduced over defendant's objection that it was "incompetent under the complaint," and exceptions were duly saved in each instance.

Action by the county of Steuben against John Wood.    Defendant moves for a new trial on the case and exceptions ordered to be heard in the appellate division in the first instance, after a trial at Steuben trial term in January, 1897, at which a verdict was directed in favor of plaintiff.    Exceptions sustained, and motion for a new trial granted.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Lewis Cass, for plaintiff.
Francis E. Wood, for defendant.

ADAMS, J.    This action was brought by the New York State Veterinary Medical Society, in the name of the county of Steuben, to recover two penalties of $50 each, which it is claimed the defendant

had incurred by reason of two violations of section 171 of chapter 860 of the Laws of 1895, being article 10 of the general health law. This section reads as follows, viz.:

"No person shall practice veterinary medicine after July one, eighteen hundred and ninety-five, unless previously registered and legally authorized, unless licensed by the regents and registered as required by this article; nor shall any person practice veterinary medicine who has ever been convicted of a felony by any court or whose authority to practice is suspended or revoked by the regents on recommendation of a state board."

The complaint alleges (1) the incorporation of the State Medical Society; (2) its right, within the provisions of the law, to bring the action in the name of the plaintiff; and (3) that "during the months of December, 1895, and January, 1896, the defendant practiced veterinary medicine and surgery at Campbell, within the county of Steuben, state of New York, in violation of sections 171 and 184, c. 860, of the Laws of 1895." It also contains a similar allegation as to a violation at or near Horseheads, in the county of Chemung, but this cause of action was abandoned on the trial, and no evidence was offered in support thereof. The only other averment in the complaint relates to the defendant's liability, and is to the effect that the defendant had, "by reason of the facts aforesaid, become indebted to the plaintiff in the sum of one hundred dollars, * * * under section 184 of chapter 860 of the Laws of 1895"; and this was followed by the usual demand of judgment for the amount specified, with costs. To this complaint the defendant interposed a general denial, and the issue thus joined was subsequently brought to trial. Immediately upon the commencement of the trial the defendant's counsel moved to dismiss the complaint upon the ground that the same did not state facts sufficient to constitute a cause of action, and for the further reason that it did not appear that the party prosecuting the action had a right to maintain the same. This motion was denied by the court, to which ruling the defendant's counsel duly excepted, and this exception, in our opinion, presents reversible error.

The main office of a complaint being to apprise the defendant of the facts upon which the plaintiff relies to establish a cause of action, the Code requires that such facts shall be stated plainly and concisely (Code Civ. Proc. § 481); and, inasmuch as this action is highly penal in its nature, there was especial reason why, in this particular instance, the rules of pleading should not have been relaxed (People v. Belknapp, 58 Hun, 241, 12 N. Y. Supp. 143). By referring to the complaint it will be seen that the facts upon which the plaintiff relies to establish its cause of action are not only not stated in the manner required by the section just cited, but that it contains no statement of facts whatever, the pleader being apparently content to rely upon the bare allegation that the defendant, at the time and place mentioned, practiced veterinary medicine and surgery in violation of the statute; which manifestly amounts to nothing more than the statement of a mere legal conclusion. Village of Cortland v. Howard, 1 App. Div. 131, 37 N. Y. Supp. 843; People v. Olmsted, 74 Hun, 323, 26 N. Y. Supp. 818; People v. Pillion, 78 Hun, 74, 29 N. Y. Supp. 267. Moreover, the pleading is defective in another essential particular, for it omits to

negative the exceptions contained in the enacting clause of the statute upon which the plaintiff rests its right to recover.   Rowell v. Janvrin, 151 N. Y. 60, 45 N. E. 398.   It seems quite clear, therefore, that within the authorities cited the objection raised by the defendant is well founded.

It is insisted, however, that the defendant has deprived himself of the right to question the sufficiency of the complaint by proceeding with the trial in the manner he did; but we do not find anything in the record which will warrant this contention.   The objection being one which the defendant was not required to raise by motion or demurrer (Code Civ. Proc. § 499), it was proper to present it at the opening of the trial, and the defect complained of was then stated with sufficient particularity to have enabled the plaintiff to remedy the same by amendment, if counsel had been so minded.

It is also urged that the defect was cured by the verdict, and section 721 of the Code of Civil Procedure is invoked in aid of this proposition. We do not deem this contention well founded, for, if we assume that the evidence furnished by the plaintiff's witnesses was sufficient to sustain the verdict of the jury, we must not overlook the fact that whenever an attempt was made to prove a violation of the statute it was met with the objection that the evidence was "incompetent under the complaint"; and in each instance when such objection was overruled an exception was taken, which was all that could have been done by the defendant to preserve his legal rights.   He did not, it is true, attempt to meet the plaintiff's proof, but this he was not called upon to do if he was correct in his assumption that the complaint did·not sufficiently set forth a cause of action; and in these circumstances the proofs did not cure the defect complained of.   Village of Cortland v. Howard, supra.   Our conclusion therefore is that the defendant's exceptions should be sustained, and his motion for a new trial granted.

Exceptions sustained, and motion for a new trial granted, with costs to the defendant to abide the event.   All concur, except WARD, J.,· who concurs in result.

WARD, J.   I concur in the result reached by the majority of the court in this case, and will state the grounds upon which I think the reversal should be based.   The third paragraph of the complaint is the only one upon which the plaintiff can stand, if it can stand at all, in the face of the motion at the commencement of the trial, by the defendant, to dismiss the complaint upon the ground that it does not state facts sufficient to constitute a cause of action.   Recalling that paragraph, it is as follows:

"Third. That during the months of December, 1895, and January, 1896, the defendant practiced veterinary medicine and surgery at Campbell, within the county of Steuben, state of New York, in violation of sections 171 and 184, c. 860, of the Laws of 1895."

This is not a statement of a cause of action.   Section 171 provides that no person shall practice veterinary medicine unless previously registered and legally authorized, unless licensed by the regents and registered as required by the statutes; nor should anybody practice who had been convicted of felony, etc.   If the complaint, in addition

to what it states, had charged that he practiced veterinary medicine without being previously registered, in the language of the statute, I think there would have been a cause of action, for it is sufficient, in my judgment, to charge the offense in the language of the statute, in addition to charging the incurring of the penalties under section 184. cited. But simply to refer to a statute which has general provisions and conditions, without defining the particular charge in the complaint itself in the language of the statute, leaves the complaint utterly worthless. I do not think that the pleader was compelled to state the particular things that the defendant did by way of practicing veterinary medicine, nor do I think it is necessary to place the decision at all he expressly admitted that he did not personally know whether it upon the ground that it omits to negative the exceptions in the enacting clause. That question should have been distinctly raised upon the motion to dismiss the complaint, if relied upon. It seems to me it would be better to put the reversal upon the single ground that I have stated.