(108 App. Div. 100.)

ITHACA FIRE DEPARTMENT v. RICE.

(Supreme Court, Appellate Division, Third Department. October 24, 1905.)

INSURANCE—LIABILITY OF AGENT FOR PENALTY—COMPLAINT.

The complaint for a penalty under Insurance Law, Laws 1892, p. 1989, c. 690, § 135, alleging that defendant as agent of a foreign insurance company effected an insurance of property situated within the state without having filed the bond required by section 134, is insufficient in not showing that the contract of insurance was made in the state.

Appeal from Special Term, Tompkins County.

Action by the Ithaca Fire Department against John F. Rice. From a final judgment for defendant, and to review an interlocutory judgment sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Bradford Almy, for appellant.
William D. Murray, for respondent.

CHASE, J. The plaintiff is a corporation and the fire department of the city of Ithaca. The complaint alleges:

"That on the 11th day of April, 1903, the defendant, as agent for the Prussian National Insurance Company (of Stettin, Germany), which is a company not organized under the laws of the state of New York, effected an insurance of the property of Cornell University, situated within the said city of Ithaca against loss or injury by fire in the said Prussian National Insurance Company, without having filed with the treasurer of the plaintiff a bond required by section 134 of the insurance law of this state, and that no bond has at the time aforesaid been filed with the superintendent of insurance by the said Prussian National Insurance Company, as was permitted by said section 134 of the insurance law."

It further alleges that by reason of said facts the defendant is liable for a penalty of $200 under section 135 of the insurance law. The defendant demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

A person seeking to maintain an action under a statute must state every fact required to enable the court to judge whether he has a cause

of action under the statute. Rosenstock v. City of New York, 97 App. Div. 337, 89 N. Y. Supp. 948. In an action to recover a penalty the pleadings are construed strictly. People v. Spees, 18 App. Div. 617, 621, 46 N. Y. Supp. 995; County of Steuben v. Wood, 24 App. Div. 442, 48 N. Y. Supp. 471. It does not appear from the complaint where the contract of insurance was made. So far as appears, the defendant may be a resident agent of the Prussian National Insurance Company at Stettin, Germany, and the Cornell University may have there applied to him and obtained the insurance at the home office of the company. In such case this action could not be maintained. Western Mass. Fire Ins. Co. v. Hilton, 42 App. Div. 52, 58 N. Y. Supp. 996; Boston M. M. F. Ins. Co. v. Hendricks, 41 Misc. Rep. 479, 85 N. Y. Supp. 44. The statutes and authority of the Legislature are not extraterritorial, but are confined to the limits and boundaries of the state. City of N. Y. v. McLean, 170 N. Y. 374, 63 N. E. 380.

The facts stated in the complaint are not sufficient to enable the court to judge whether the plaintiff has a cause of action under the statute, and the judgment should therefore be affirmed, with costs. All concur.