PEOPLE v. RUSS.

(Supreme Court, Appellate Division, Fourth Department.   May 4, 1910.)

ANIMALS (§ 35*)—CONTAGIOUS DISEASES—QUARANTINE REGULATIONS—VIOLATION—COMPLAINT.

Agricultural Law (Laws 1893, c. 338) § 60, authorizes the commissioner of agriculture to determine that contagious diseases exist affecting domestic animals in any part of the state, and section 61 declares that the commissioner shall publish a notice that a specified infectious disease exists in a given county and warning all persons to seclude on the premises where they may be at the time all animals within such county or district; the precautions to be specified in the notice, and the notice to be published and posted as designated by the commissioner.   Held, that a complaint to recover a penalty for allowing a dog to run at large unmuzzled during a quarantine and in violation of a quarantine notice, failing to charge the time when the offense was committed or to allege any facts indicating that a quarantine notice against rabies had been issued, or that it had been posted or published, was fatally defective.

[Ed. Note.—For other cases, see Animals, Dec. Dig. § 35.*]

---

Appeal from Trial Term, Ontario County.

Action by the People against Allen B. Russ to recover a penalty for alleged violation of a quarantine regulation. From a judgment dismissing the complaint for want of facts, plaintiff appeals. Affirmed.

The action was commenced on the 10th day of April, 1909, to recover a penalty of $100 for which it is alleged that defendant became liable because of his violation of sections 65 and 66 of the agricultural law (Laws 1893, c. 338) as it existed in 1908. The sections are found in article 4 of the law and relate to diseases of domestic animals and prescribe the duties of the commissioner of agriculture with reference to the prevention of the spread of such diseases, including rabies.

The sole question presented by this appeal is: Are the allegations contained in the complaint sufficient to entitle the plaintiff to recover in an action brought to recover a penalty?

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Willis C. Ellis, for the People.

Robert F. Thompson, for respondent.

McLENNAN, P. J. It is alleged in the complaint that at all the times mentioned therein Raymond A. Pearson was, since has been, and now is, the commissioner of agriculture of the state of New York, and that he, as such commissioner, by Willis C. Ellis, the attorney duly designated by the Attorney General of the state for that purpose, prosecutes this action in the name of the people of the state to recover the penalty thereafter mentioned, with costs, as required by and pursuant to the provisions of section 8 of chapter 338 of the Laws of 1893, entitled "An act relating to agriculture," and the acts amendatory thereof. These allegations are all admitted by the answer.

In the second paragraph of the complaint it is alleged, in substance (which is the only statement of plaintiff's alleged cause of action), that at divers times subsequent to the 12th day of September, 1908, at the town of Canandaigua, county of Ontario, the defendant willfully, unlawfully, and knowingly violated a quarantine notice against rabies in said town which was then in full force and effect in said town and within the limits of said quarantine district, by harboring and possessing a dog and permitting such dog to run at large during the time of the said quarantine, unmuzzled, in violation of said quarantine notice, contrary to the provisions of sections 65 and 66 of the agricultural law and contrary to the form of the statute. It is then alleged, in substance, that by reason of the facts above set forth the defendant became liable for a penalty of $100 imposed by section 66 of the agricultural law. Judgment was then demanded for $100 against the defendant, with costs. The defendant by his answer denies all the allegations last above recited and upon the trial moved to dismiss the complaint on the ground, as above stated, that it does not state a cause of action.

We think the allegations of the complaint are insufficient to establish a cause of action against the defendant, and that the judgment of dismissal was proper. Practically no facts which the plaintiff would be required to prove to entitle it to recover are alleged. The time

when it is claimed the defendant committed the offense is not pointed out. The allegation that it was subsequent to September 12, 1908, means nothing. No facts are alleged to indicate that a quarantine notice against rabies had been issued, and it is not even suggested that it had been posted or published. It is alleged that the defendant possessed and harbored a dog and permitted it to run at large unmuzzled within the limits of the quarantine district; but the boundaries or extent of such district are not stated. Neither is it stated when the quarantine was established or how long it continued. It is not even alleged that the commissioner of agriculture had determined that any infectious or contagious disease affecting domestic animals existed in the town of Canandaigua, which fact is made the basis of action by the commissioner of agriculture under section 60 of the law. Section 61 provides, in substance, that the commissioner shall issue and publish notice that a specified infectious disease exists in a designated county and warning all persons to seclude on the premises where they may be at the time all animals within such county or district, and orders the commissioner to take such precautions against the spreading of the disease as the nature thereof may in his judgment render necessary or expedient and which he may specify in such notice. The section then provides that such notice shall be published in such newspapers and be posted in such manner as the commissioner may designate and as in his judgment are most likely to give notice thereof.

As before suggested, there is no allegation contained in the complaint that the provisions of section 61 of the agricultural law had been complied with. We conclude that the allegations of the complaint utterly failed to state a cause of action against the defendant. The defendant was entitled to be informed with some degree of certainty when it is claimed he committed the alleged offense; when the notice which it is claimed was issued and how long it continued in effect; whether or not such notice was published; the extent or boundary of the quarantine district and within which it is claimed he harbored or kept an unmuzzled dog; and also whether or not the conditions existed which are specified in section 60 of the law. Without such information it might be quite impossible for the defendant to properly prepare for his defense.

In an action to recover a statutory penalty every fact required to enable the court to judge whether the plaintiff has a cause of action under the statute must be stated by him in his complaint, and in such action the pleadings are strictly construed. Ithaca Fire Department v. Rice, 108 App. Div. 100, 95 N. Y. Supp. 464.

In the case of People v. Spees, 18 App. Div. 617, 621, 46 N. Y. Supp. 995, it was said, in substance, that in an action to recover a penalty for the violation of a statute the same degree of particularity should be required to be stated in the complaint as would be required in the case of an indictment. See, also, County of Steuben v. Wood, 24 App. Div. 442, 48 N. Y. Supp. 471.

We conclude that the judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.