## PEOPLE v. CLARK.

(Supreme Court, Appellate Division, Second Department. October 7, 1910.)

1. FOOD (§ 1*)—OLEOMARGARINE—RIGHT TO PROHIBIT SALE.
   The sale of oleomargarine as such is not unlawful, and cannot be constitutionally prohibited.
   [Ed. Note.—For other cases, see Food, Cent. Dig. § 1; Dec. Dig. § 1.*]

2. FOOD (§ 1*)—UNLAWFUL PRODUCTION OR SALE—IMITATION BUTTER.
   Agricultural Law (Laws 1909, c. 9; Consol Laws, c. 1) § 38, prohibiting the production and sale of oleomargarine in imitation of natural butter, is a valid prohibition, aimed at a designed and intentional imitation of dairy butter in the manufacture of oleomargarine, by the introduction therein of some foreign substance.
   [Ed. Note.—For other cases, see Food, Cent. Dig. § 1; Dec. Dig. § 1.*]

3. FOOD (§ 16*)—UNLAWFUL SALE—IMITATION OF BUTTER—COMPLAINT—REQUISITES.
   A complaint by the state to recover a penalty for a violation of Agricultural Law (Laws 1909, c. 9; Consol Laws, c. 1) § 38, for a sale of oleomargarine in imitation of butter, must allege with reasonable precision an intentional imitation of dairy butter, by the introduction therein of some foreign substance.
   [Ed. Note.—For other cases, see Food, Dec. Dig. § 16.*]

4. PENALTIES (§ 32*)—ACTIONS—PLEADING—CONSTRUCTION.
   Pleadings are strictly construed, in an action to recover a statutory penalty.
   [Ed. Note.—For other cases, see Penalties, Cent. Dig. § 26; Dec. Dig. § 32.*]

5. FOOD (§ 16*)—UNLAWFUL SALE—OLEOMARGARINE—ACTION FOR PENALTY—COMPLAINT—SUFFICIENCY.
   A complaint by the state to recover a penalty for a violation of Agricultural Law (Laws 1909, c. 9; Consol. Laws, c. 1) § 38, for a sale of oleomargarine in imitation of butter, alleged that the oleomargarine sold by defendant was a product of animal fats or animal or vegetable oils not produced from unadulterated milk or cream, that it was in imitation or semblance of natural butter, and that it was mixed with cream or butter so as to make it an article or substance of human food in imitation or in semblance of butter. *Held*, that the complaint stated a cause of action, but was subject to motion to make more definite and certain as to the alternative allegation, "or animal fats or animal or vegetable oils not produced from milk or cream."
   [Ed. Note.—For other cases, see Food, Dec. Dig. § 16.*]

Appeal from Special Term, Kings County.

Action by the People of the State of New York against Robert C. Clark. From an interlocutory judgment overruling his demurrer to the complaint, defendant appeals. Affirmed.

See, also, 124 N. Y. Supp. 527.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, RICH, and CARR, JJ.

William C. Breed (Henry H. Abbott, on the brief), for appellant.

Taylor More, for the People.

BURR, J. This action is brought to recover a penalty for violation of the provisions of the agricultural law, relative to the sale of oleo-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

margarine. Laws 1909, c. 9 (Consol. Laws, c. 1) §§ 30, 38. That act (section 30) defines "butter" and "cheese," when used in the article referring to dairy products, to mean:

"The products of the dairy, usually known by those terms, which are manufactured exclusively from pure, unadulterated milk or cream or both, with or without salt or rennet, and with or without coloring matter or sage."

It defines the term "oleomargarine" to mean:

"Any article or substance in the semblance of butter * * * not the usual product of the dairy, and not made exclusively of pure .and unadulterated milk or cream, or any such article or substance into which any oil, lard or fat not produced from milk or cream enters as a component part, or into which melted butter or butter in any condition or state, or any oil thereof has been introduced to take the place of cream."

The act then provides (section 38) that:

"No person by himself, his agents or employés, shall produce or manufacture out of or from any animal fats or animal or vegetable oils not produced from unadulterated milk or cream from the same, the article known as oleomargarine or any article or product in imitation or semblance of natural butter produced from pure, unadulterated milk or cream of the same; or mix, compound with or add to milk, cream or butter any acids or other deleterious substance or any animal fats or animal or vegetable oils not produced from milk or cream, so as to produce any article or substance or any human food in imitation or in semblance of natural butter, nor sell, keep for sale or offer for sale any article, substance or compound, made, manufactured or produced in violation of the provisions of this section, whether such article, substance or compound shall be made or produced in this state or elsewhere."

The sale of oleomargarine as such is not unlawful, and could not be prohibited without an invasion of constitutional rights. People v. Marx, 99 N. Y. 377, 2 N. E. 29, 52 Am. Rep. 34; People v. Meyer, 44 App. Div. 1, 60 N. Y. Supp. 415; People ex rel. McAuley v. Wahle, 124 App. Div. 762, 109 N. Y. Supp. 629. Oleomargarine and dairy butter possess certain qualities, inherent in the articles themselves, which are common to both. The statutory provision is aimed at a designed and intentional imitation of dairy butter in the manufacture of oleomargarine by the introduction therein of some foreign substance. People v. Arensberg, 103 N. Y. 388, 8 N. E. 736, 57 Am. Rep. 741; Id., 105 N. Y. 123, 11 N. E. 277, 59 Am. Rep. 483; People v. Meyer, 89 App. Div. 185, 85 N. Y. Supp. 834. This prohibition is a valid one. See cases last above cited. The sufficiency of the complaint is attacked for failure to allege such imitation, and an appearance of dairy butter in the article sold resulting from such a cause. Unless with reasonable precision it does this, it is open to attack, for in an action to recover a statutory penalty pleadings are strictly construed. People v. Russ, 138 App. Div. 433, 122 N. Y. Supp. 790; Ithaca Fire Dept. v. Rice, 108 App. Div. 100, 95 N. Y. Supp. 464; Rosenstock v. City of New York, 97 App. Div. 337, 89 N. Y. Supp. 948; County of Steuben v. Wood, 24 App. Div. 442, 48 N. Y. Supp. 471; People v. Spees, 18 App. Div. 617, 46 N. Y. Supp. 995.

The complaint alleges, first, that the oleomargarine sold by defendant "was an article or product made out of or from animal fats or animal or vegetable oils not produced from unadulterated milk or

cream from the same." If this were the only allegation, it would not be sufficient; for this substantially conforms to the lawful oleomargarine of commerce, defined in the statute. It next alleges that it was "an article or product in imitation or semblance of natural butter." This would not protect the complaint from successful attack; for the statute describes oleomargarine as having the "semblance" of butter, and if the semblance complained of was the result of the natural properties of oleomargarine its sale would not be unlawful. If it is claimed that "imitation" is a stronger word than "semblance," no act is set forth indicating a purpose to imitate. Finally, it is alleged that the oleomargarine so sold (which it is alleged was made out of or from animal fats or animal or vegetable oils) was "mixed or compounded with or added to milk, cream, or butter * * * so as to make it an article or substance of human food in imitation or in semblance of butter." If to the lawful oleomargarine of commerce, as defined in the statute, either of these substances was added so as to make it imitate dairy butter, making it thereby possible to mislead the public into buying the former supposing it to be the latter, we think this would be such violation of the statute as would incur liability for the penalty. It is true that after the words "milk, cream, or butter," which it is alleged was mixed or compounded with or added to the natural oleomargarine, appear the words, in the alternative, "or animal fats or animal or vegetable oils not produced from milk or cream." In view of the prior allegation, this may be very much like saying that natural oleomargarine was added to itself, and doubtless the complaint, in view of these alternative allegations, is subject to a motion to make it more definite and certain.

But we cannot say that it states no cause of action, and the interlocutory judgment must be affirmed, with costs. All concur; HIRSCHBERG, P. J., in result.