PEOPLE v. REDDING.

(Supreme Court, Special Term, Steuben County. January 16, 1911.)

FOOD (§ 16*)—SALE OF OLEOMARGARINE—PENALTIES.

　　The complaint in an action for the penalty for a violation of Agricultural Law (Consol. Laws, c. 1) § 40, requiring a keeper of a hotel, boarding house, or restaurant who serves for his guests oleomargarine as a substitute for butter to post signs bearing the words "Oleomargarine Used Here," must allege that defendant furnished oleomargarine to his guests as a substitute for butter.

　　[Ed. Note.—For other cases, see Food, Cent. Dig. § 19; Dec. Dig. § 16.*]

Action by the People against Lucy Redding for a penalty for an alleged violation of the agricultural law (Consol. Laws, c. 1). Demurrer to complaint sustained.

Frank J. Saxton, for plaintiff.
Frank H. Hausner, for defendant.

CLARK, J. This is an action for a penalty for an alleged violation of section 40, art. 3, c. 1, Consol. Laws. That section provides, among other things, that:

"Any keeper or proprietor of any hotel, boarding house, restaurant, saloon, lunch-counter or place of public entertainment who uses or serves therein for his guests any oleaginous substance as a substitute for butter, the manufacture or sale of which is not prohibited by the agricultural law, shall print plainly and conspicuously on the bill of fare, if there is one, the words "Oleomargarine Used Here" and shall post up conspicuously in different parts of each room where such meals are served, signs in places where they can be easily seen and read, which shall bear the words "Oleomargarine Used Here" in letters at least two inches in length and so printed as to be easily read by guests or boarders."

The complaint in this action first alleges that it is brought by the Commissioner of Agriculture, naming the attorney who has been designated by the Attorney General for that purpose, and by the second clause it alleges that this defendant on the 23d day of November, 1909, at 263 East Market street, Corning, N. Y., kept a boarding house, where board was furnished for others than members of her own family, and that at that time and for some time previously she furnished oleomargarine for use of her guests and boarders, and that when it was so furnished and served to her boarders the defendant failed and neglected to post in different parts of the room where meals were served the signs as required by section 40 of the agricultural law above quoted, and that because of such failure she violated said section 40 of the agricultural law, and thereby became indebted to the plaintiff in the sum of $100, for which amount judgment is demanded, besides costs.

Defendant demurs to the complaint on the ground that it does not state facts sufficient to constitute a cause of action, and complains specially because there is no allegation that the oleomargarine served by defendant was served to her guests as a substitute for butter; and I think that the defendant is right in her contention that the complaint does not state facts sufficient to constitute a cause of action. The sale and use of oleomargarine is not unlawful when the parties so selling or using distinctly advertise it as such; but when it is used as a substitute for butter the signs must be posted as prescribed by section 40 of the agricultural law. There is nothing in the complaint to indicate what the oleomargarine furnished by defendant was used for, and, in failing to contain an allegation that defendant used it as a substitute for butter, plaintiff has failed to state sufficient facts to entitle it to a recovery for the penalty for a violation of section 40 of the agricultural law, for the action is brought to recover a statutory penalty and pleadings in such actions must be strictly construed. People v. Clark, 140 App. Div. 150, 124 N. Y. Supp. 1023, and cases cited.

People v. Laning, 40 App. Div. 227, 57 N. Y. Supp. 1057; People v. Russ, 138 App. Div. 433, 122 N. Y. Supp. 790.

The demurrer must be sustained, and judgment is directed in favor of the defendant on the demurrer, dismissing the complaint, with costs.