(73 Misc. Rep. 628.)

FIRE DEPARTMENT OF EAST ROCHESTER IN NEW YORK v. BARLEY.

(Supreme Court, Trial Term, Wayne County. October, 1911.)

1. INSURANCE (§ 27*)—AGENT'S BOND—FAILURE TO GIVE—ACTION FOR PENALTY.

In an action to recover a penalty, under Insurance Law (Consol. Laws 1909, c. 28) § 134, for failure to execute and deliver an agent's bond, the complaint need not specify the particular policies which had been issued in violation of the law.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 34, 35; Dec. Dig. § 27.*]

2. INSURANCE (§ 22*)—AGENT'S BOND—FAILURE TO FILE.

Insurance Law (Consol. Laws 1909, c. 28) § 134, providing that no person shall, as agent for any foreign insurance company, effect insurance without giving a bond, is not limited to local resident agents, and applies to all agents writing policies within the state.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 26; Dec. Dig. § 22.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by the Fire Department of East Rochester in New York against Harry W. Barley to recover penalty on an agent's bond. Demurrer to complaint overruled.

Charles P. Williams, for plaintiff.

Phanor J. Eder, for defendant.

SAWYER, J. Plaintiff sues to recover the penalty for failure to execute and deliver an agent's bond, as required by section 134 of the insurance law.

The complaint must set forth specifically every fact required to show a violation of the statute in question; otherwise, the demurrer must be sustained. Ithaca Fire Dept. v. Rice, 108 App. Div. 100, 95 N. Y. Supp. 464. After the necessary formal allegations, the amended complaint shows that the defendant, at the times mentioned, was the agent of a foreign fire insurance corporation; that he was engaged in such business within the state of New York and at the city of New York; that he effected insurance upon property situate in the village of East Rochester in the state of New York; that such insurance was effected within the state of New York by him as agent for the said foreign fire insurance corporation; that, when such insurance was effected, he had not executed and delivered the bond required by section 134. It is also set out that no bond had been filed by the insurance company itself with the Superintendent of Insurance to secure the payment of the tax upon premiums in localities where it had no agent.

[1] These various allegations are explicit, and accompanied by sufficient explanatory and descriptive allegations to make them statements of fact, and not conclusions of law. It seems to me that they cover every specification of the insurance law upon which must be predicated the right to recover the penalty in question. While such pleadings are to be construed strictly, the same particularity of statement is not required as is demanded in a criminal indictment. The suggestion that precise descriptions of the policies of insurance claimed to have been issued should have been set forth is not well founded. Such detailed information can always be obtained in a civil action by proceedings for a bill of particulars; whereas, one charged with crime must rely upon the indictment itself for his information.

[2] Attention is called to the opinion found upon pages 218–219 of the Attorney General's Report for 1902 as an authority for defendant's contention that these sections of the insurance law apply only to local resident agents, and have no application to one situated as is this defendant.

Section 134 provides in substance:

"First. That no person shall, as agent for any foreign insurance company, effect insurance upon which the premium tax is laid upon property in any city or village of this state, until he shall have executed and delivered to the proper officer the bond in such section required of him; and,

"Second. That any foreign insurance company, having authority to transact business in this state, may, upon filing the bond therein specified, effect such insurance in any locality within the state wherein it has no agent."

The intention of the Legislature was evidently to so frame the section that no subterfuge should prevent the collection of the tax. There-

fore it is required that not only shall fire insurance agents furnish security, but that foreign companies desiring to deal directly with their customers and without the intervention of agents must do likewise. This distinction is not only emphasized by the difference in the manner of giving the security, but in the remedy for failure to comply. In the one instance is provided an action for a fixed penalty, while in the other the subject is left for enforcement by the exercise of the power of the Superintendent over foreign companies.

The opinion of the Attorney General seems to be founded upon the theory that the provision for the filing of a bond by the company itself is for the purpose of permitting its agents to transact business for it outside their own localities. Such a construction requires the reading into the statute of words limiting the term "agent" to "resident agent," and for that I can find no warrant. The law, so far as it relates to agents of such insurance companies, makes no distinction between residents and nonresidents of any locality. Its phraseology is mandatory. *Every person* effecting such insurance *as agent shall,* before so doing, file the required bond, and shall, at the time fixed, pay the tax by said law imposed.

I can see no room for evasion of this requirement by any person who acts as such agent. The law is framed to reach two different classes of insurance procurers, and to insure the faithful payment of the premium tax by each; to limit it, as defendant contends, would largely defeat that object. The opinion of the learned Attorney General is entitled to respectful consideration; but, as he therein states, it "possesses no judicial or binding effect." I am unable to agree with its argument and constrained to differ from its conclusion.

Demurrer overruled, with leave to defendant to answer within 20 days after notice of judgment, upon payment of costs.

Demurrer overruled.