THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* DANIEL D. STEINBECK, Respondent.

Second Department, January 17, 1919.

Agricultural Law — action for penalty for adulteration of milk in violation of section 32 — pleading — complaint — waiver of defects.

In an action to recover a penalty for the adulteration of milk in violation of section 32 of the Agricultural Law, the complaint is to be strictly construed. It must state the facts which constitute the offense charged so as to enable the court to judge whether there is a cause of action under the statute.

Since the statute contains eight prohibitions, any of which would constitute an adulteration of milk, a complaint should allege specifically which of said prohibitions the defendant violated.

The fact that a defendant had answered by general denial, and that he did not move for a dismissal of the complaint until the opening of the trial, was not a waiver of essential defects.

APPEAL by the plaintiff, The People of the State of New York, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Putnam on the 23d day of October, 1918, upon a dismissal of the complaint on the opening.

*Robert P. Beyer, Deputy Attorney-General [Merton E. Lewis, Attorney-General; with him on the brief], for the appellant.*

*Ray F. Barnum, for the respondent.*

PUTNAM, J.:

This is an action for $100 as a penalty incurred by breach of the terms of the Agricultural Law (Consol. Laws, chap. 1 [Laws of 1909, chap. 9], § 32).

The complaint charges as follows: " Upon information and belief, that the defendant on or about the 28th day of July, 1916, at Dykemans, in the County of Putnam, N. Y., did expose for sale, offer for sale, and sell, a quantity of impure and adulterated milk in violation of section 32 of Chapter 9 of the Laws of 1909."

Defendant answered by a general denial. When the cause was moved for trial, the complaint was dismissed on the ground that it did not specify definitely in what respect the milk was defective.

In such an action for a penalty the complaint is to be construed strictly. (*People* v. *Spees*, 18 App. Div. 617, 621.) It must state the facts which constitute the offense charged (*Bigelow* v. *Johnson*, 13 Johns. 428; *County of Steuben* v. *Wood*, 24 App. Div. 442), so as to enable the court to judge whether there is a cause of action under the statute. (*Ithaca Fire Department* v. *Rice*, 108 App. Div. 100.) This statute which the defendant is charged with transgressing contains eight prohibitions (severally designating separate and distinct offenses), any one of which would constitute an adulteration

of milk. (See Agricultural Law, § 30, as amd. by Laws of 1913, chap. 455.) The complaint should have alleged specifically which of these subdivisions the defendant violated, in order to apprise defendant of the charge he would have to meet. (16 Ency. Pl. & Pr. " Penalties," 275; *People* v. *Russ*, 138 App. Div. 433.) The fact that defendant had answered, and that it was at the opening of the trial when he moved, was not a waiver of these essential defects. (*County of Steuben* v. *Wood, supra; People* v. *Russ, supra.*)

I advise that the judgment of dismissal be affirmed, with costs.

JENKS, P. J., RICH, KELLY and JAYCOX, JJ., concurred.

Judgment of dismissal affirmed, with costs.