THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* EUGENE W. DURKEE, Respondent.

Third Department, November 12, 1919.

Agricultural Law, section 201, construed — " Durkee's Salad Dressing and Meat Sauce " not an adulterated or misbranded article — statutes — construction — effect of practical construction of ambiguous statute by public officers.

" Durkee's Salad Dressing and Meat Sauce," a food compound made under a secret formula and containing vinegar, salt and other ingredients, none of which is harmful in any way, is not an adulterated article within the meaning of section 201 of the Agricultural Law.

The proviso contained in section 201 of the Agricultural Law is not an added prohibition to the preceding subdivisions of the section defining misbranded articles, but it qualifies and limits the prohibitions preceding it in the same section.

" Durkee's Salad Dressing and Meat Sauce," a food compound containing no harmful ingredients, when put up in packages labeled with the quotation given, is an article sold under a distinctive name within the meaning of the proviso in section 201 of the Agricultural Law, and is not, therefore, misbranded within the meaning of the preceding subdivisions of that section.

The practical construction of a statute by public officers whose duty it is to enforce it, acquiesced in by all for a long period of time, is· considered by the court as of great importance in its interpretation in a case of serious ambiguity.

APPEAL by the plaintiff, The People of the State of New York, from a judgment of the Supreme Court in favor of the

defendant, entered in the office of the clerk of the county of Albany on the 19th day of November, 1917, upon the decision of the court, a jury having been waived.

*Charles D. Newton, Attorney-General* [*C. T. Dawes* and *T. Paul McGannon, Deputies Attorney-General,* of counsel], for the appellant.

*Breed, Abbott & Morgan* [*Sumner Ford* of counsel], for the respondent.

JOHN M. KELLOGG, P. J.:

The appellant complains that " Durkee's Salad Dressing and Meat Sauce " is sold in violation of sections 200 and 201 of the Agricultural Law (as amd. by Laws of 1914, chap. 494) defining and prohibiting the sale of adulterated and misbranded foods. The salad dressing has been upon the market for about fifty years, under the same name and of the same ingredients. It is a compound under a secret formula of vinegar, mustard, salt and other ingredients, none of which is harmful in any way. Clearly the dressing does not fall within any of the definitions of adulterated articles. It it is urged, however, that it is misbranded in that it is not sold under its own distinctive name, and that the ingredients of which it is composed are not stated on the label.

Section 201 (as amd. *supra*), in three subdivisions, defines misbranded articles. Subdivision 1 relates to an imitation, or an article sold under the distinctive name of another. Subdivision 2 relates to an article colored, powdered, stained or mixed so as to conceal inferiority, thus deceiving or tending to deceive the public. Subdivision 3 relates to false or misleading statements upon packages or labels. It cannot be, and is not claimed, that the defendant's product comes within the spirit of any one of these subdivisions. There are no other affirmative provisions in the statute as to misbranding articles. The question here concededly arises under the following proviso following the provisions of section 201 which we have referred to: " provided, that an article of food which does not contain any added poisonous or deleterious ingredients shall not be deemed to be adulterated or misbranded in the following

cases: *First.* In the case of mixtures or compounds which may be now or from time to time hereafter known as articles of food, under their own distinctive names and not included in definition first or third of misbranded articles of food in this section. *Second.* In the case of articles labeled, branded or tagged so as to plainly indicate that they are mixtures, compounds, combinations, imitations or blends: provided, that the same shall be labeled, branded or tagged so as to show the character and constituents thereof: and provided further, that nothing in this article shall be construed as requiring or compelling proprietors or manufacturers of proprietary foods which contain no unwholesome added ingredients to disclose their trade formulas, except in so far as the provisions of this article may require to secure freedom from adulteration or imitation."

It is clear that this proviso is not an added prohibition. Upon the contrary it qualifies and limits the prohibitions already contained in the section. In other words, the acts before mentioned are prohibited unless they are saved from prohibition by the proviso.

The Standard Dictionary defines " provided: " " This (or it) being understood, conceded or established; on (this) condition; on these terms; in this sense, always introducing a clause of condition or exception and followed by ' that ' expressed or understood." " Proviso " is defined as a " clause making what precedes conditional on what follows."

The proviso, therefore, does not prevent the defendant from using his label.

As we have seen, this dressing has been in use for a great many years. No complaint has ever been made that it was misbranded. The opinions of the Attorneys-General of the State uniformly have treated this product and similar products as falling within the proviso as articles sold under their own distinctive names. " There is no question that the practical construction of a statute by those for whom the law was enacted or by public officers whose duty it is to enforce it, acquiesced in by all for a long period of time, is of great importance in its interpretation in a case of serious ambiguity." (*Grimmer* v. *Tenement House Department of the City of New York*, 205 N. Y. 549, 550.) This quotation seems

to apply with force here and indicates that at this late day a forced construction should not be put upon the statute if there is a reasonable doubt about its meaning.

The judgment should, therefore, be affirmed, with costs.

Judgment unanimously affirmed, with costs.