THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* THE DOUGLAS PACKING COMPANY, INC., Defendant.

Supreme Court, Monroe County, June, 1922.

Agricultural Law — meaning of " cider vinegar " and " apple vinegar " — sufficiency of complaint to recover penalty.

The words " cider vinegar " and " apple vinegar " in section 70 of the Agricultural Law mean vinegar made from apple cider.

The complaint in an action to recover a penalty for violation of the Agricultural Law alleged that defendant manufactured, sold and delivered to a purchaser named a barrel of vinegar; that one end of the said barrel contained the following words and figures: " Douglas Packing Co.— Excelsior Brand Apple Cider Vinegar. Made from selected apples — reduced to 4 per centum — Rochester, N. Y." and that on the other end appeared the following words: " Guaranteed to comply with all pure food laws. Douglas Packing Co., Rochester, N. Y." It was further alleged that the vinegar contained in said barrel " was not made exclusively from the pressed juices of apples by alcoholic and subsequent acetous fermentation as provided in section 70 of the Agricultural Law but was made from evaporated skins and cores of apples and evaporated chopped apples," and that the said barrel of vinegar was misbranded in that it did not contain apple cider vinegar and in that it was not branded with the kind of vinegar contained in it and the substance or substances from which it was made as provided by section 72 of the Agricultural Law. *Held*, that the complaint was sufficient under the statute and that a motion to dismiss it will be denied with leave to defendant to serve an answer.

MOTION on behalf of the defendant to dismiss the complaint upon the ground that said complaint does not state facts sufficient to constitute a cause of action.

*George H. Harris,* for defendant.

*Charles D. Newton,* attorney-general (*Henry C. Henderson,* of counsel), for plaintiff.

STEPHENS, J. The action is brought to recover a penalty for violation of the provisions of the Agricultural Law.

The complaint contains the usual formal allegations and then alleges that the defendant manufactured, sold and delivered to a purchaser named a barrel of vinegar; that one end of the said barrel contained the following words and figures: " Douglas Packing Co.— Excelsior Brand Apple Cider Vinegar. Made from selected apples — reduced to 4 per centum — Rochester, N. Y." and that on the other end appeared the following words: " Guaranteed to comply with all pure food laws. Douglas Packing Co. Rochester, N. Y."

The complaint further alleges that the vinegar contained in said barrel " was not made exclusively from the pressed juices of apples by alcoholic and subsequent acetous fermentation as pro-

vided in section 70 of the Agricultural Law but was made from evaporated skins and cores of apples and evaporated chopped apples," and that the said barrel of vinegar was misbranded in that it did not contain apple cider vinegar and in that it was not branded with the kind of vinegar contained in it and the substance or substances from which it was made as provided by section 72 of the Agricultural Law.

The defendant's counsel has most elaborately argued, both orally and in the brief that he submitted, that the complaint does not allege facts showing that the statute has been violated. The earnestness and ability with which his claim has been presented has encouraged perhaps a too extensive examination, with subsequent delay in the determination of the motion.

The defendant by its motion admits all of the above-mentioned allegations of fact contained in the complaint.

For the purpose of this application the facts are established that the vinegar " was made from evaporated skins and cores of apples and evaporated chopped apples," and that the barrel was labeled as alleged in the complaint.

Section 72 of the Agricultural Law required that the defendant plainly brand the barrel with the kind of vinegar contained in it and the substances from which the vinegar was made and forbade the defendant from branding the barrel as cider or apple vinegar if it did not, in fact, contain apple or cider vinegar.

The terms " cider vinegar " and " apple vinegar " the statute declares (section 70) " shall be construed to mean the product made exclusively from the pressed juice of apples by alcoholic and subsequent acetous fermentations, the acidity, solids and ash of which have been derived exclusively from the apples from which it was fermented."

The precise question for determination, therefore, is whether the product described in the complaint was " apple cider vinegar," the kind indicated by the brand.

Our next inquiry is whether the allegation that the vinegar " was made from evaporated skins and cores of apples and evaporated chopped apples " necessarily excludes the product from the above-quoted statutory definition of " cider vinegar " and " apple vinegar."

The definition describes both the material from which cider vinegar and apple vinegar shall be made, that is from the pressed juice of apples, and the process of making it, involving alcoholic and subsequent acetous fermentations. The material to be used necessarily implies that juice has been extracted from apples by pressure, to supply the raw material for making the vinegar.

The complaint identifies the material from which the vinegar was made but is silent as to the process of manufacture, except the statement in another connection that it was not made by fermentations of the pressed juice of apples.

It seems it was not necessary to allege the material from which the vinegar was made nor the process of manufacture but that it would have been sufficient to have set out, in the terms of the statute, that it was not produced from the material and by the process prescribed by the statute. *Phelps* v. *People*, 72 N. Y. 334, 349; *People* v. *West*, 106 id. 293; *People* v. *Weldon*, 111 id. 569; *Rosselle* v. *Klein*, 42 App. Div. 316.

In the cases upon which the defendant relies where the facts were held to be insufficiently pleaded the several complaints did not follow the statutes that gave the right of action.

In *People* v. *Redding*, 70 Misc. Rep. 420, the complaint did not state that the oleomargarine was served as " a substitute for butter."

In *County of Steuben* v. *Wood*, 24 App. Div. 442, the complaint failed to negative essential provisions of the statute relating to the practice of veterinary medicine and surgery.

In *People* v. *Laning*, 40 App. Div. 227, the demurrer to the complaint was sustained because it did not allege that the article made in imitation of butter was made " from animal fats, or animal or vegetable oils not produced from unadulterated milk or cream."

In *Ithaca Fire Department* v. *Rice*, 108 App. Div. 100, the complaint was found to be faulty in failing to reveal the place where the contract of insurance was effected, the statute under which the action was brought having no application to contracts made without the state.

The defendant argues, however, that the plaintiff having alleged that the product was an apple derivative, the court is unable to tell from the facts stated that it was not produced in accordance with the statutory process by pressing the juice from the parts of evaporated apples and permitting the necessary subsequent fermentation.

There are two reasons, either of which is an adequate one, that will not yield to this argument.

The first one to be noticed, sufficient if the other were wanting, is that the elementary rules of statutory construction require that the words of a statute be taken in their ordinary and familiar meaning. *People* v. *Todd*, 51 Hun, 446; *Matter of Ehrsam*, 37 App. Div. 272. The statutory definition of " cider vinegar " and " apple vinegar " means by this test vinegar made from apple

cider.   Even if those terms had been undefined in the statute they, nevertheless, would have had in the popular mind a well-defined meaning, in that apple cider is known in every household and cider vinegar is known to be made from it, though the chemical processes by which the one becomes the other are generally unknown. Other vinegars may be perfectly harmless, chemically indistinguishable, maybe, but calculated to deceive if marketed under a false label.

The popular notion of " cider vinegar " and the ordinary and obvious meaning attached to the words exclude the notion of making this common article of domestic use from cider pressed from dried apples.

The statute is designed to enable the consumers to get that which they believe they are getting under the labels " cider vinegar " and " apple vinegar." *People* v. *Girard*, 145 N. Y. 105.

The second reason to be considered is that of authority.   In *People* v. *Niagara Fruit Co.*, 75 App. Div. 11; affd., 173 N. Y. 629, the kindred question arose, not upon the pleadings but upon the adequacy of the proof.   It was shown that the vinegar in that instance was extracted from apple cores, skins and small pieces of apples, all evaporated, that were soaked in water and the vinegar produced through fermentation and coloring matter added to give it the appearance of cider vinegar.   The product was held to be within the punitive provisions of the statute not essentially different from the one now operative.   It is, of course, plain that the facts proven in that case are not identical with those pleaded in this one; but the product was there held to be a simulated product, not because water was used, for that is for some purposes permissible, nor because of fermentation of the liquid extract, for that is indispensible to cider vinegar, but because of the kind of apple material used and the addition of coloring matter.   While the latter ingredient alone was enough to condemn the mixture, the use of it was apparently required for the reason that from the apple constituents a vinegar could not be extracted, or at any rate was not, that even looked like apple vinegar.

I am of the opinion that the complaint is good.   Any other construction of the statute upon which this conclusion depends denies to a consumer of vinegar the certainty of securing apple vinegar in the usually accepted interpretation of the term through dependence upon the label.

It need hardly be stated that the only question here decided is that the complaint is sufficient under the statute.   Many of the considerations urged so energetically on behalf of the defendant may properly be presented upon a trial and it cannot now be said

that they may not be successfully presented; for it does not necessarily follow that the product of the defendant is an outlaw. It is, however, forbidden to manufacture any vinegar defined in the statute not in compliance therewith. The complaint alleges that the vinegar put out by the defendant as apple vinegar, a vinegar defined in the statute, was not made in compliance with the statute, and, therefore, misbranded.

The motion is denied, with ten dollars costs, with leave to the defendant to answer the complaint within twenty days after service of the order entered in accordance herewith upon payment of said costs.

Ordered accordingly.