THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* MORRIS LEFKOFF, Defendant.

Municipal Court of New York, Borough of Manhattan, Sixth District, March, 1933.

*John J. Bennett, Jr.,* Attorney-General [*Israel M. Lerner* and *Robert P. Beyer* of counsel], for the plaintiff.

*Harry L. Marcus,* for the defendant.

SULZBERGER, J.   The action is to recover a penalty for a violation of section 199, subdivision 4, of the Agriculture and Markets Law (formerly the Farms and Markets Law).

Before the introduction of evidence, a motion was made to dismiss the complaint on the ground that the indorsement on the summons was insufficient.   In view of my opinion as to the merits, it is unnecessary for me to pass on this objection.   However, I think it better practice to comply strictly with the requirements of section 24 of the Municipal Court Code, by specifying " the section of the statute " claimed to have been violated.   (*People v. Steinbeck,* 186 App. Div. 26.)

The facts are undisputed. On May 5, 1932, an inspector employed by the Department of Agriculture and Markets of the State of New York called at defendant's place of business and purchased one pound of pot cheese. On analysis by a State chemist, the cheese was found to have been colored with annatto. Annatto is a vegetable extract used for the purpose of coloring food products. It is not a poisonous or deleterious ingredient and does not affect health.

The case does not present any claim of substitution or misbranding of food. The statute claimed to have been violated provides that food shall be deemed adulterated " if it be mixed, colored, powdered, coated or stained in a manner whereby damage or inferiority is concealed." This statute is penal and, therefore, should be strictly construed. Purely statutory offenses cannot be established by implication. (Cf. *People* v. *Phyfe*, 136 N. Y. 554, 559; *Burko* v. *Bosso*, 180 id. 341, 344; *People* v. *Stoll*, 242 id. 453, 463; *People* v. *Liberty Light & Power Co.*, 121 Misc. 424.)

While there is no claim that by the addition of annatto any " damage or inferiority is concealed," it is suggested that defendant's motive was to mislead the consumer into the belief that the cheese in question contained a larger percentage of fat than it did. Assuming that to be so, it is a form of deceit which is not prohibited. Of course, the Legislature has the power absolutely to prohibit the use of harmless coloring matter in cheese. (*People* v. *Von Kampen*, 210 N. Y. 381; *People* v. *Lang*, 164 N. Y. Supp. 5, 8.) In my opinion it has not availed itself of such power by the enactment of section 199, subdivision 4, of the Agriculture and Markets Law. Admittedly, annatto coloring does not neutralize or conceal damage or inferiority. The pot cheese is neither better nor worse after the addition of annatto. No adulteration within the meaning of section 199 of the Agriculture and Markets Law has been established. (*People* v. *Cavo*, 140 Misc. 24; *People* v. *Durkee*, 189 App. Div. 276.)

Defendant's counsel made the point that in taking the sample, the requirements of section 51 of the Agriculture and Markets Law were not complied with. I hold that this section has no application to the prohibitions contained in article 17 of that law.

Judgment for defendant dismissing plaintiff's complaint on the merits.