Supreme Court, September, 1923.        [Vol. 121

PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* LIBERTY LIGHT
AND POWER COMPANY, Defendant.

Supreme Court, Albany Special Term, June (Received September, 1923).

Corporations — limited powers of public service commission — light and
power corporation may issue stock of no par value in exchange for all
outstanding stock of par value without authority from the public service
commission — Public Service Commission Law, §. 69.

Under section 24 of the Stock Corporation Law, as amended, any stock corpora-
tion other than a moneyed one may, by filing pursuant to section 5 of the General
Corporation Law an amendment to its certificate of incorporation as specified in
said section 24, change its shares of stock of nominal or par value into shares
with no nominal or par value.

The public service commission possesses only such powers as are expressly con-
ferred upon it by statute.

The evils which prompted the enactment of section 69 of the Public Service Com-
mission Law and which were sought to be eliminated by its application under
regulatory powers of the public service commission, related to changes in obliga-
tions which affected the integrity of a gas or electrical corporation, but no such
evil is involved in the mere change in the character of its stock when the actual
existing capital is unaffected nor does an exchange of stock in such circumstances
come within any of the purposes set forth in said section 69, which require the
approval by order of the public service commission.

In an action to recover a penalty imposed by section 73 of the Public Service
Commission Law for the failure or neglect of the defendant, a domestic light
and power company, to comply with the provisions of section 69 of said statute
in relation to the issuing of stock, the complaint alleged that the violation of the
statute consisted in the issuance by defendant, under an amended certificate of
incorporation, of 1,000 shares of stock of no nominal or par value in exchange
for all of the outstanding stock of par value without applying for and securing
authority from the public service commission for such issuance and exchange.
*Held,* that had the legislature intended that the public service commission should
exercise supervision over all stock issues it would have used language appropriate
to express such intent and not have specified with particularity the matters over
which the control of the public service commission was deemed necessary, and
which does not include the right to exchange one quantity of stock for another
without increase of capitalization. The defendant, therefore, is entitled to
judgment dismissing the complaint, with costs.

ACTION to recover a penalty.

*Ledyard P. Hale,* for plaintiff.

*Frank Irvine,* for defendant.

STALEY, J. This action is brought to recover a penalty imposed
by section 73 of the Public Service Commission Law and alleged
to have been incurred by the failure or neglect of the defendant to
comply with the provisions of said law in relation to the issuing of
stock. The particular provision claimed to have been violated

is section 69, and the violation alleged consists of the issuance, under an amended certificate, of 1,000 shares of stock of no nominal or par value in exchange for all of the outstanding stock of par value, without securing from the commission authority for its issuance and exchange, and without applying for such authority.

Authority of public service corporations to change stock with nominal or par value into stock with no nominal or par value is expressly conferred by the Stock Corporation Law, as amended.

Section 24 provides in part as follows: " Any stock corporation, other than a moneyed corporation, heretofore or hereafter organized under any general or special law of this state, having shares with nominal or par value may, by filing pursuant to section five of the general corporation law an amendment of its certificate of incorporation as herein specified, change such shares with nominal or par value of any class thereof including authorized but unissued shares into shares with no nominal or par value."

The extent of the jurisdiction of the public service commission over the issuance of no par value stock is dealt with in the last paragraph of section 24c of the Stock Corporation Law, which provides as follows: " The public service commission and transit commission shall have authority and jurisdiction over the issue and sale of shares of stock with no nominal or par value of any public service corporations *in the same manner and to the same extent as such commissions now have or hereafter may have with respect to shares of stock with par value and nothing contained in this act shall be construed to change or modify the jurisdiction of such commissions or to exempt or relieve a corporation from any requirement of law as to the amount in dollars of paid in capital in cash or otherwise which it must have at any time."*

The jurisdiction which the commission now has with respect to the issuance of shares of stock with par value, and the purposes for such issuance to which such jurisdiction is limited, is set forth in section 69 of the Public Service Commission Law, and which, so far as material here, provides as follows: "A gas corporation or electrical corporation organized or existing, or hereafter incorporated, under or by virtue of the laws of the state of New York, *may issue stocks,* bonds, notes or other evidence of indebtedness payable at periods of more than twelve months after the date thereof, *when necessary for the acquisition of property, the construction, completion, extension or improvement of its plant or distributing system, or for the improvement or maintenance of its service or for the discharge or lawful refunding of its obligations or for the reimbursement of moneys actually expended from income or from any other moneys in the treasury of the corporation not secured or obtained from the*

*issue of stocks, bonds, notes or other evidence of indebtedness of such corporation,* within five years next prior to the filing of an application with the proper commissions for the required authorization, *for any of the aforesaid purposes* except maintenance of service and except replacements in cases where the applicant shall have kept its accounts and vouchers of such expenditure in such manner as to enable the commission to ascertain the amount of moneys so expended and the purposes for which such expenditure was made; *provided and not otherwise that there shall have been secured from the proper commission an order authorizing such issue, and the amount thereof and stating the purposes to which the issue or proceeds thereof are to be applied,* and that in the opinion of the commission, the money, property or labor to be procured or paid for by the issue of such stock, bonds, notes or other evidence of indebtedness is or has been reasonably required for the purposes specified in the order, and that except as otherwise permitted in the order in the case of bonds, notes and other evidence of indebtedness, such purposes are not in whole or in part reasonably chargeable to operating expenses or to income."

The public service commission is a statutory body and it, therefore, possesses only such powers as are conferred upon it by statute. The fact of a violation of the statute by the defendant depends upon the question of the extent of jurisdiction of the commission over the issuance of par value stock to be exchanged for par value stock, as its powers relative to the issuance of no par value stock for purposes of exchange are identical with its powers with reference to par value stock.

The objects sought by the legislature in the regulation of public utilities by the law here in question were, the prevention of corporate abuses and the protection of the public against excessive rates for services, the over capitalization and the watering of securities, the establishment of a reasonable basis in operating expenditure, and the maintenance of investment security. The law places upon such corporations the burden of proving the need and security in its ventures for financial and corporate extension and provides that it must establish before the commission the facts of the proposals for expansion as being for the best interest of the public.

The evils which prompted its enactment and which were sought to be eliminated by its application under regulatory powers of the commission related to changes in obligations which affected the corporation's integrity. No such evil is involved in the mere change of the character of its stock, when the actual existing capital is unaffected, nor does an exchange of stock under such

circumstances come within any of the purposes set forth in section 69 which require the approval by order of the commission.

This action is for a penalty, a sum of money which the law exacts by way of punishment for omitting to do an act which plaintiff contends the law requires to be done. That penal statutes are to be strictly construed is elementary, and to be entitled to recover a penalty the law requires the plaintiff to make a plain case and one within the letter of the statute. Penalties are not to be imposed by implication. If the legislature had intended that the commission should exercise supervision over all stock issues, it would have used language appropriate to express such intent and not have specified with particularity the matters over which its control was deemed necessary, and which does not include the right to exchange one quantity of stock for another without increase of capitalization.

Findings of fact and conclusions of law may, therefore, be submitted in accordance with this memorandum, directing judgment in favor of the defendant, dismissing the complaint, with costs.

Judgment accordingly.