Public Service Commission (State Division, Department of Public Service), Plaintiff, *v.* New York and Richmond Gas Company, Defendant.

Supreme Court, Albany County, April, 1934.

*Charles G. Blakeslee*, for the Public Service Commission.

*Whitman, Ransom, Coulson & Goetz* [*Jacob H. Goetz, William L. Ransom* and *Edwin D. Kyle, Jr.*, of counsel], for the defendant.

Staley, J. This action is brought for a declaratory judgment. It appears from the complaint that in 1928 the defendant had an authorized capital stock of $4,500,000. It was divided into 30,000 shares of preferred stock and 15,000 shares of common stock, all of which had a par value of $100 per share. The preferred stock was entitled to cumulative dividends at the rate of six per cent, but had no voting rights for any purpose until four successive quarterly dividends had been passed. In 1928 15,000 shares of common stock of the par value of $100 per share were changed into 150,000 shares of common stock without par value and with a stated value of $10 per share. In 1931 the defendant reclassified its capital stock into 30,000 shares of six per cent cumulative preferred stock and 142,500 shares of second preferred stock without par value, and

7,500 shares of common stock without par value. The preferred stock continued with the same voting rights. The second preferred stock was not entitled to any voting rights.

No consent to this reclassification was secured from the Public Service Commission.

The question for decision on this motion is whether or not the consent of the Public Service Commission is necessary to the reclassification of the stock.

All the facts are admitted.

Pursuant to rule 112 of the Rules of Civil Practice, I have determined to dismiss the complaint for the reason that the same does not state facts sufficient to constitute a cause of action.

Section 69 of the Public Service Commission Law reads as follows:

" § 69. Approval of issues of stock, bonds and other forms of indebtedness. A gas corporation or electric corporation organized or existing, or hereafter incorporated, under or by virtue of the laws of the state of New York, *may issue stocks*, bonds, notes or other evidences of indebtedness payable at periods of more than twelve months after the date thereof, or a receiver of such a corporation, if duly authorized by law, may issue receiver's certificates, *when necessary for the acquisition of property, the construction, completion, extension or improvement of its plant or distributing system, or for the improvement or maintenance of its service or for the discharge or lawful refunding of its obligations or for the reimbursement of moneys actually expended from income or from any other moneys in the treasury of the corporation* * * *, *provided and not otherwise that there shall have been secured from the commission an order authorizing such issue, and the amount thereof*, and stating the purposes to which the issue or proceeds thereof are to be applied, and that, in the opinion of the commission, *the money, property or labor to be procured or paid for by the issue of such stock*, bonds, notes or other evidences of indebtedness is or has been reasonably required for the purposes specified in the order, and that except as otherwise permitted in the order in the case of bonds, notes and other evidences of indebtedness, such purposes are not in whole or in part reasonably chargeable to operating expenses or to income. The issue of stocks, bonds or other evidences of indebtedness, within the meaning of this section, shall include *the sale* by any such corporation of any such securities previously issued in compliance with the provisions of this section and subsequently reacquired by such corporation, provided, however, for good cause shown the commission may exempt from the restriction hereof, stocks, bonds or other evidences of indebtedness."

When the defendant reclassified its stock, calling in the old stock and substituting other stock in its place, it may be said to have issued this new stock.

If section 69, quoted above, is to apply, however, the stock must have been issued for the acquisition of property, the construction, completion, extension or improvement of the company's plant or distributing system or for the improvement or maintenance of its service or for the discharge or lawful refunding of its obligations or for the reimbursement of moneys expended from income.

The reclassification of the stock in question was not for any of these purposes. While the preferred stock was entitled to cumulative dividends, that stock was in no sense an obligation of the corporation to be refunded. Preferred stock entitled to cumulative dividends does not create a debt of the corporation, but simply gives the holder a preference in the distribution of profits.

The attorney for the Public Service Commission sets forth many reasons why it is desirable that the Public Service Commission be required to give its consent to a reclassification of the stock of a gas or electric corporation. It may be that such consent is desirable; it may be that such consent would furnish a protection to investors, and it may be that if the Public Service Commission were consulted in connection with the present reclassification, it would not give its consent.

All of these matters, however, are arguments to be presented to the Legislature. The Legislature has, in section 69 of the Public Service Commission Law, outlined when consent is necessary to be given, and it is only in the cases there enumerated that the courts can insist upon the consent.

Reference has been made to *People* v. *Liberty Light & Power Co.* (121 Misc. 424). While that case is not absolutely controlling here, as changes in the stock were different, still, that case, as well as this one, did not come within the purposes set forth in section 69, requiring the approval of the Public Service Commission, and this was particularly noted in the opinion of the court.

The complaint is dismissed, with costs, and order may be entered accordingly.